## NELLIE S. B. SMITH, Appellant, v. M. SCHWARTZ AND LEO ALEXANDER, Respondents.

JUDGMENT—EXECUTION — LEVY ON REAL ESTATE — EFFECT OF. JUDGMENT LIEN—PERIOD OF—UNDER SEC. 3414, C. L. U. 1888. JUSTICE'S JUDGMENT—WHEN A LIEN—DURATION OF—RENEWAL of JUDGMENT—INTERVENING MORTGAGE.

*Judgment—Execution—Levy on Real Estate—Effect of.*

> The levy of an execution upon real estate during the time that the judgment upon which the execution issued was a lien upon the same, neither extends the lien of the judgment, nor does it create a new lien upon the property.

*Judgment Lien—Period of—Under Sec. 3414, C. L. U. 1888.*

> Under the provisions of Sec. 3414, C. L. U. 1888, the period of judgment liens was limited absolutely and without exception to five years from the date of filing the abstract required by Sec. 3602 *et seq.*, C. L. U. 1888.

*Justice's Judgment—When a Lien—Duration of—Renewal of Judgment —Intervening Mortgage—When Becomes a Prior Lien.*

> Where a judgment rendered by a justice of the peace becomes a lien upon land by being duly docketed in the district court, but before it is enforced by levy and sale a mortgage lien also accrues, and hereafter the time limited by Sections 3414-3417 C. L. U. for the lien of such judgment is allowed to expire, and the judgment is then renewed, the lien of the first judgment expires, the mortgage lien attaches as a first lien, and a sale on the second judgment can not effect such mortgage lien.

(Decided December 9, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge*.

Action to quiet title. From a judgment for defendant, plaintiff appealed. *Reversed*, and remanded with directions to lower court to quiet title in plaintiff.

*Eugene Lewis, Esq.*, for appellant.

The lien of a judgment against the debtor's real estate is a creature of statute pure and simple, and stands or falls absolutely by the statute. This is not a statute of limitations, but a statute of grant, and can not be extended by construction. 4 Kent's Commentaries, 429; *Thompson* v. *Avery*, 11 Utah, 214; S. C., 39 Pac., 833; *Rockhill* v. *Hanna*, 15 Howard U. S., 196.

If injured by the issuing of the injunction, Schwartz's remedy was on his injunction bond. It is to be presumed by the court that this was ample. Hermann on Executions, pp. 252, 617; *Lockridge* v. *Bickerstaff*, 2 Duvall (Ky.), 281; *State* v. *Judge*, 25 La., 666; *Wiley* v. *Woodward*, 19 La., 188; *Keith* v. *Nelson*, 3 Metcalf (Ky.), 202.

"It would be no contempt to proceed on an execution where no bond is filed." Hermann on Executions, 617.

Revival of judgment by sci. fa. does not generally extend to the duration of the lien. A. & E. Enc. of Law, Vol. 12, p. 117; *Denegree* v. *Haun*, 13 Ia., 245, and cases cited; *Mower* v. *Kipp*, 6 Paige Ch. (N. Y.), 88; *Norton* v. *Beaver*, 5 Ohio, 180.

We say that by bringing his new action, the defendant Schwartz has lost his rights under the lien of the old execution issued November 29, 1895. *Purdy* v. *Doyle*, 1 Paige, Ch. 88; *Sheldon* v. *Arnold*, 17 Ind., 165; *Meyer* v. *Campbell*, 12 Mo., 611; *Rockhill* v. *Hanna, supra.*

The lien of the execution does not continue the lien of the judgment beyond statutory period. Freeman on Executions, Sec. 205; Freeman on Judgments, Sec. 394a; *Hastings* v. *Bryant*, 115 Ill., 69; *Hemenway* v. *Tenrey*, 53 Ill., 97.

*A. T. Schroeder, Esq.*, and Messrs. *C. F. & F. C. Loofbourow*, for respondents.

An injunction against execution, equal with any other order of the court, suspends the lien, and by so doing necessarily excludes the time during which the injunction is operating from calculation in determining the length of time during which the statutory lien continues. *Otey* v. *Moore*, 17 Ala., 280; 52 Am. Dec., 173; *Work* v. *Har-*

*per*, 31 Miss., 197; 66 Am. Dec., 550; *Wilkinson* v. *Flowers*, 75 Am. Dec., 83.

The lien created by this levy of the execution continued even after the expiration of the judgment lien and until the day of the sale. *Harman* v. *May*, 40 Ark., 146; *Reid* v. *Lindslay*, 104 Pa. St., 159; Kittenger's Appeal, 101 Pa. St., 540; *Riggs* v. *Goodrick*, 74 Mo., 108; *Webster* v. *Woolbridge*, 3 Dillon C. C., 74; *Porter* v. *Mariner*, 50 Mo., 364.

It is well settled that the title of a purchaser can not be attacked collaterally by reason of any technical defect or variance in the writ which does not affect the substantial right of any party, and this is a collateral attack on the purchaser's title. *Swiggart* v. *Harber*, 39 Am. Dec., 418; *Rockwell* v. *Jones*, 21 Ill., 286.

BASKIN, J.

It is alleged in the complaint that the plaintiff, who is the appellant, is the owner in fee and in the actual possession of the following real estate situate in the county of Salt Lake, State of Utah, to wit: The S. W. ¼ of the S. W. ¼ of Sec. 29, in Township 2 S., of Range 1 E., of Salt Lake Meridian, and that defendants claim an estate therein adverse to plaintiff, which is wrongful and without right.

Upon the complaint, the plaintiff prays that her title, by a decree of the court, may be quieted.

The answer denies the alleged title and possession of plaintiff; alleges that the defendant, Leo Alexander, is the owner in fee simple of said real estate, and sets out in full detail how his said title was derived; also sets out other matters of defense which it is not necessary to specially mention.

The prayer of the answer is "that the plaintiff take

nothing by her complaint; that her said complaint be dismissed; that the title of the defendant Alexander herein set up be quieted and confirmed as against any and all claims of the plaintiff.''

There is no dispute between the parties regarding the facts on which the alleged titles of the respective parties are predicated, and as found by the court and disclosed by the evidence they are as follows:

''That at and prior to February 19, 1892, the lands in question were held in fee simple by one Robert Gardiner; that on the 18th day of February, 1892, there was duly rendered a judgment in favor of the said M. Schwartz, respondent, and against the said Robert Gardiner, in the sum of $211.85 in an action pending before H. E. Booth, a United States commissioner and ex-officio justice of the peace in and for the Territory of Utah, that afterward, to wit: on the 19th day of February, 1892, the said defendant Schwartz caused an abstract of said judgment to be filed in the office of the clerk of the district court of the Third Judicial District of Utah, county of Salt Lake, that being the county in which the aforesaid premises are situated; and by virtue thereof it became a lien upon said property, there being at that time no other liens thereon; that on November 29, 1895, the defendant Schwartz caused an execution to be issued on said judgment and to be placed in the hands of the sheriff of Salt Lake County, Utah, and a levy to be made on said real estate, December 5, 1895, and the same was advertised to be sold under said levy, on the 30th day of December, 1895; that on the 28th day of December, 1895, a restraining order was issued by said district court in a suit by appellant against the said Schwartz and the sheriff, enjoining the sale of said real estate under said levy, which remained in full force until the 8th day of May,

1897, at which date it was dissolved, and the action was dismissed; that the execution upon which the levy was made was returned by the sheriff on account of said restraining order unsatisfied."

That on the 23d day of April, 1897, the judgment in favor of Schwartz against the said Gardiner was renewed by a judgment of the district court in and for the Third Judicial District, county of Salt Lake, in an action instituted in said court for that purpose, by the said Schwartz against the said Robert Gardiner, but it does not appear that the appellant, Nellie S. B. Smith, was a party to said action; that upon this renewed judgment, and after the dissolution of the restraining order, to wit: on the 4th day of May, 1897, another execution was issued to the sheriff of Salt Lake County, and by him levied upon said real estate, which was by him advertised for sale, and on the 24th day of June, 1897, was sold at public auction to the said Schwartz, he being the highest and best bidder therefor, and a certificate of purchase in due form was issued to him, and a duplicate copy thereof duly filed with the county recorder; that after the time for redemption from said sale had expired, and no redemption having been made, to wit: on the 3d day of January, 1898, the sheriff of said county duly executed and delivered to the said Schwartz, a deed conveying to him said real estate, which deed was duly recorded on said day in the office of the recorder of said county; that on March 3, 1898, the said Schwartz, by a deed of warranty, conveyed said real estate to his co-respondent, the said Leo Alexander, in fee simple.

The respondent, Leo Alexander, claims title under the foregoing facts, and the appellant's claim of title rests upon the following facts, to wit: More than ten months after the judgment of Schwartz against Gardiner was

obtained, and an abstract of the same was filed in said district court, the said Gardiner and his wife conveyed said real estate, in fee simple, to Eugene Lewis, trustee, with Cyrus B. Hawley as his successor in trust, to secure the payment of a promissory note executed by the grantors to the appellant, Nellie S. B. Smith, for $650. The trust deed contained the proviso that in case of default in the payment of said note, said trustee, or his successor in trust, might sell said real estate for the purpose of paying the same, with interest; that said deed was duly recorded in the recorder's office of Salt Lake County, on December 31, 1892; that appellant paid the taxes on said premises in 1894, 1895, and 1896; that her agent rented the premises in 1897 and 1898 to one Henry Monterr for pasturage; that the premises consisted of a tract of wild land surrounded by a wire fence; that during the lease the lessee was seen by a neighbor putting in and taking therefrom a number of cattle; that default having been made in the payment of said promissory note, and the said trustee, Eugene Lewis, having refused to act as such, his successor, Cyrus B. Hawley, at the request of appellant, proceeded to advertise and sell said real estate, under the authority of said trust deed to the appellant, and upon such sale by deed duly executed, delivered, and conveyed on August 13, 1894, in fee simple, to the appellant, said real estate.

At the trial of this case the court found as a conclusion of law from the foregoing facts, that "all of the rights of the plaintiff under and by virtue of said trust deed have been foreclosed and lost; that the said defendant, Leo Alexander, is entitled to a decree quieting the title to the above property as against the plaintiff," and rendered a decree in accordance therewith.

The only question which it is necessary to decide, is

whether the facts justify this conclusion of the trial court, and the decree rendered thereon.

It is provided in Sec. 3605, Compiled Laws 1888, that when an abstract of a judgment of a justice of the peace is filed and docketed in the office of the clerk of the judicial district in which such judgment is rendered, as required by Sec. 3603, "such judgment is a lien upon the real property of the judgment debtor, not exempt from execution, situated in that judicial district, for the period of five years from the date of the judgment, unless the judgment be previously satisfied."

It is admitted by counsel for appellant that by filing the abstract of the judgment rendered by the justice of the peace in favor of Schwartz against Gardiner, the former acquired a lien on the real estate in question, and that the lien afterward acquired by the appellant, under her mortgage, was subject to the prior lien of Schwartz, but claims that at the expiration of five years from the date of said judgment, and by the revival of said judgment, the prior lien of Schwartz was extinguished, and thereafter ceased to be an incumbrance upon said real estate as against the appellant.

In reply to this the respondent claims that as the appellant wrongfully procured a restraining order staying the enforcement of the prior lien, that the period of such stay does not constitute any portion of the limitation of the statute, and that the respondent was entitled to five years, exclusive of that period, in which to enforce his lien. Among the cases cited by respondent's counsel, in support of the contention on this question, are *Dewey* v. *Latson*, 6 Cal., 131; *Englund* v. *Lewis*, 35 Cal., 339; *Barroilhet* v. *Hathaway*, 31 Cal., 396.

The 204th Section of the California Code before its

amendment, provided that from the time of docketing a judgment it shall be a lien on the real estate of the judgment debtor for two years.

In the case of *Dewey* v. *Latson*, *supra*, an appeal was taken from the judgment, and the single question presented was whether in such cases the statute commences to run from the docketing of the judgment in the court below, or from the date of the remittitur from the appellate court. The court held that the statute commenced to run only from the latter date.

In *Englund* v. *Lewis*, *supra*, the court held that "when an appeal has been taken, and a bond sufficient to stay proceedings upon the final judgment pending the appeal has been given, the lien of the judgment upon the real estate of the judgment debtor in the county where the same was docketed, owned by him at the date of the docketing of the judgment, or subsequently acquired, until the lien expires, remains a valid and subsisting lien until the end of two years from and after the date of the remittitur from the supreme court," but did so on the ground of *stare decisis*, and declined to pass upon the merits of the question, in the following language: "Without, therefore, discussing the merits of the question, we rest our decision solely upon the doctrine of *stare decisis*, holding the present to be a case to which that doctrine ought to be applied."

In the case of *Solomon* v. *Maguire*, 29 Cal., 237, the court in its opinion said: "It is sufficient to say that the case of *Dewey* v. *Latson*, 6 Cal., 134, is of very doubtful logic. It is true that we followed the rule in that case in *Englund* v. *Lewis*, 25 Cal., 352, but we did so solely upon the doctrine of *stare decisis;* and we are not disposed to extend the doctrine of that case beyond the precise question there determined."

In the case of *Barroilhet* v. *Hathaway, supra*, it was held that "if any time is allowed to elapse between the docketing of the judgment and stay of proceedings, such time must be included in the computation of the time during which the judgment remains a lien; but the time during which proceedings are stayed by order of the court, must be excluded."

This decision was rendered in 1866. In 1870 the Legislature of Utah enacted the code of civil procedure, which, with slight alterations, was a literal transcript of the California Code. Sec. 207 of the Utah Code (Sess. Laws, 1870, p. 54), is as follows:

"A transcript of the original docket, certified by the clerk, may be filed with the recorder of any other county, and, from the time of the filing of the judgment, shall become a lien upon all the real property of the judgment debtor not exempt from execution in such county, owned by him at the rendition of the judgment in his own right. The lien shall continue for two years, unless the judgment be previously satisfied. But the time during which the execution of the judgment is suspended by appeal, or action of the court or defendant, shall not be computed."

The provisions of the last sentence of said section were not contained in Sec. 204 of the California Code. They are, however, in harmony with the construction placed upon the latter section in the case of *Barroilhet* v. *Hathaway*, and are broad enough to include the time during which an execution is suspended by injunction. Said provisions were, probably, added with the view of conforming to said decision.

Sec. 555, of the Utah Code of 1870, provides that a judgment of a justice of the peace, when a transcript thereof is filed with the county recorder, shall constitute a lien on the land of the judgment debtor in the county

where filed the same as if said judgment had been rendered by the probate court.    At that time Sec. 29 of the Act of the Territorial Legislature relating to the judiciary which provides that the several probate courts should have "original jurisdiction, both civil and criminal, and as well in chancery as at common law (Sess. Laws, 1855, p. 31)," had not been repealed, and said courts were exercising such jurisdiction.    So that the provisions, added to Sec. 204, Cal. Code, before referred to, applied to the judgment liens mentioned in Sec. 555 of the Code of 1870.    If there had been no further legislation on the subject, there could be no doubt regarding the correctness of respondent's position.

In the case of *Rogers* v. *Druffel*, 46 Cal., 654, the question under consideration was presented upon facts, substantially the same as in the case at bar.    The facts stated in the opinion of that case are as follows: "Action to quiet title to a lot in the city of San Francisco.    Both parties claim this under John C. Gimmy.    The plaintiffs deraignment of a title is as follows: In an action for divorce brought by Anna M. Gimmy against John G. Gimmy, a judgment was entered April 1, 1861, in favor of Anna against John G. Gimmy, for a divorce and for a recovery of one hundred dollars, counsel fees, and her costs, taxed at four hundred and twenty-two dollars, and the judgment was duly docketed.    In May, 1861, an execution was issued on that judgment, and under it the sheriff sold the property, and in pursuance thereof, in April, 1862, executed the deed of conveyance, under which the plaintiff claims title.

The defendant's deraignment of title is as follows: Maria B. Gimmy recovered a judgment for five thousand dollars against John G. Gimmy, February 1, 1860, and it was docketed upon that day.    On the 4th of March, 1861,

an execution was issued on the judgment, and on that day the sheriff levied upon the premises in controversy.    In an action commenced by Anna M. Gimmy against Maria B. Gimmy and the sheriff, a temporary order of injunction was issued in March, 1861, restraining the sale under the last-mentioned execution; and in November, 1862, the injunction was dissolved.    In June, 1863, on motion of Maria B. Gimmy, the district court ordered an alias execution to issue, and it was accordingly issued, and under it the sheriff sold the premises in July, 1863, and in pursuance of such sale the sheriff executed a deed of the premises to the defendant in April, 1864.    It thus appears that the defendant's judgment lien first attached; that his execution was levied, but his sale was not made within two years from the docketing of the judgment, unless the time during which the sale was restrained by injunction be deducted.

In passing upon these facts, the court said: * * * "It was held in *Barroilhet* v. *Hathaway*, 31 Cal., 397, that ' the two years mentioned in the two hundred and fourth section of the Practice Act, which relates to judgment liens, commences to run from the docketing of the judgment, unless execution is stayed by order of the court pending a motion for a new trial, or by an appeal with a stay bond.'    In view of that construction of the statute, we hold that the order of injunction mentioned in this case did not stop the running of the statute."    See also, *Christy* v. *Flannagan*, 87 Mo., 671; *Swift* v. *Conboy*, et al., 12 Ia., 444.

The case of *Rogers* v. *Druffel,* supra, was decided in 1873, and in 1874, Sec. 204 of the California Code, was amended by Sec. 671, Deering's Code, by adding the clause hereinafter quoted from Sec. 3414 of the Comp. Laws Utah, 1888.

The Utah Code of 1870 was revised in 1888, and in this revision the provisions contained in the last sentence of Sec. 207 of the Code of 1870 were eliminated, and the following substituted in place thereof.   (Sec. 3414, Comp. Laws, 1888.)

" The lien shall continue for five years, unless the judgment be previously satisfied, or unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking as provided in this Code, in which case the lien of the judgment ceases."

And Sec. 555 of the Code of 1870 was changed so as to limit the lien of a judgment rendered by a justice of the peace, to the period of five years from the date of the judgment.   Sec. 3605, Comp. Laws 1888.

In Sec. 3417 of said Laws, another class of judgment liens is limited in a like manner.   These revised sections were re-enacted by the adoption of the Revised Statutes of 1898.

In view of this legislation it is clear that the provision of Sec. 207 of the Code of 1870, before referred to, was eliminated, in the revision of 1888, for the purpose of limiting the period of judgment liens, absolutely and without exceptions, to five years, from the date of the filing of the abstract, required by the Code.

The duration of judgment liens is dependent upon the express will of the Legislature, and the courts have no power to extend them.   Nor have they the right when the language employed by the Legislature is unambiguous, by construction, to make exceptions or qualifications to meet the hardship of particular cases.   To do so would be a usurpation of legislative power.

In the case at bar the execution under which said real estate was sold to Schwartz, was levied on said real estate more than five years after the abstract of the judgment

rendered by the justice of the peace in favor of Schwartz was filed in the office of the clerk of the district court. At the later date the judgment, by virtue of the statute, became a lien on the real estate, and by virtue of the statute it expired five years from that date.

Respondent's counsel, however, further contend that the levy, on Dec. 5, 1895, of the execution issued on the Schwartz judgment, created a lien on said real estate which was independent of and supplementary to the judgment and which continued after the expiration of the judgment lien and until the day of sale on the 24th day of June, 1897. Two liens at the same time, on the same thing, for the same sum, due on the same cause of action, would be a strange anomaly.

It is well settled by the authorities that " the levy of an execution upon real estate, during the time that the judgment upon which the execution issued was a lien upon the same, neither extends the lien of the judgment, nor does it create a new lien upon the property." *Bagly* v. *Wood*, 37 Cal., 121; *Sanders* v. *Russell*, 86 Cal., 119; *Edy* v. *Foster*, 61 Cal., 287; *Tenney* v. *Hemenway*, 53 Ill., 98; *Gridley* v. *Watson*, 53 Ill., 186; *Cornwell* v. *Watkins*, 71 Ill., 488; *Pierce* v. *Fuller*, 36 Hun., 179; *Roe* v. *Swart*, 5 Cow., 294; *Tufts*, Admr., v. *Tufts*, 8 Wend., 621; 1 Freeman on Judg. Sec. 383; 1 Freeman on Executions, Sec. 205 and Note; *Davis* v. *Ehrman*, 20 Pa. St., 258.

The sale of said real estate was not made to Schwartz on the levy made Dec. 5, 1895, of the execution issued on the judgment in his favor by the justice of the peace, but under an execution issued upon another judgment of the district court which was not rendered until the expiration of more than five years from the date of filing the abstract of the judgment of the justice of the peace.

The judgment of the district court was for a different sum than the former judgment. It included the costs of the suit in the district court, also the interest on the former judgment from its rendition up to the date of the second judgment, and as this judgment drew interest from its rendition up to the date of the sale to Schwartz, compound interest accumulated, as also interest on the amount of said costs. Neither said costs nor compound interest were covered by said lien. Therefore the first judgment was different from the second in its material elements, and being different, and the appellant not being a party to the action in which it was rendered, the rights of the appellant were, in no wise, affected thereby.

In *Woolston* v. *Gale*, 4 Halstead (N. J. L.), 32, the chief justice in the opinion, said: "It has more than once been determined that on *scire facias* the justice is to render judgment, that execution issue, and for costs, and can not render a new judgment for the amount of the original judgment and interest and costs thereon."

"If after judgment and levy on lands, the judgment debtor executes a mortgage, and the judgment becomes dormant, the revival of the judgment does not operate to the prejudice of the mortgage lien; but in such case the mortgage lien becomes perfect, and the judgment lien on the mortgaged premises is lost." *Tracy* v. *Tracy*, et al., 5 Mc Leans, C. C. Rep., 456; *Norton* v. *Beaver*, 5 Ohio Rep., 178; *Miner* v. *Wallace*, 10 Ohio, 404; *Denegre* v. *Haun*, 13 Ia., 240, 244; Freeman on Executions, Sec. 205, and n. 1; Freeman on Judgments, Secs. 383, 388, 394.

"A judgment lien on land constitutes no property or right in the land itself. It confers, only, a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment, * * * and subject to

this right the defendant may convey the land.'' Freeman on Judgments, Sec. 338.

The conveyance to the appellant, as purchaser, at the sale of said real estate, under her trust deed, passed to her the title subject to the prior lien of the judgment rendered by the justice of the peace; and when by operation of law this lien was extinguished, it ceased to be an incumbrance, and the title of the appellant thereupon became absolute; and, as at the date of the rendition of the judgment by the district court, and at the time the execution was issued thereon, and the sale thereunder made, the said Gardiner had no title to the premises, and no lien thereon existed, the sheriff's deed to the purchaser at said sale passed no title to the premises. Therefore the respondents' claim of title under the deed from said purchaser is without foundation and constitutes a cloud upon appellant's title, which she is entitled to have removed, and is not estopped from maintaining this action.

It is ordered that the decree of the court below be set aside, and the case remanded with directions to enter a decree quieting the title of appellant, as prayed for in her complaint, and that the respondents pay the costs.

MINER, J., concurs.

BARTCH, C. J., dissents.