MOULTON et al. v. MORGAN et al.

No. 7053.   Decided January 31, 1949.   (202 P. 2d 723.)

See 49 C. J. S., Judgments, sec. 498; 31 Am. Jur. 342.

*George B. Stanley,* of Heber, and *Moyle, McKay, Burton & White,* of Salt Lake City, for appellant.

*J. Rulon Morgan,* of Provo, and *Elias Hansen,* of Salt Lake City, for respondents.

PRATT, Chief Justice.

This is an appeal from a judgment of dismissal of plaintiffs' cause of action founded upon the sustaining of a demurrer attacking the complaint as being barred by the statute of limitations. Two of the defendants, Josie Baird Giles Smith and Vernor E. Baird failed to answer or plead and were defaulted. The others were the demurring defendants. The plaintiffs as judgment creditors of Josie Baird Giles Smith seek to satisfy their judgment out of property which they allege was transferred in fraud of creditors.

It will probably clarify matters to some extent if a brief chronological statement of the facts which form the background of this litigation is given. The facts are these:

(1) On October 10, 1929, Josie Baird Giles Smith owned the real estate involved herein and conveyed it to her brother Vernor E. Baird, taking back a note and mortgage thereon for $15,000.00.

(2) On July 7, 1934, plaintiffs Moulton brought suit against Josie Baird Giles Smith (then the wife of J. Harold Giles) and her husband J. Harold Giles upon a promissory note signed by both. (Civil action No. 1261.)

(3) On October 1, 1934, plaintiffs recovered judgment against said Giles and wife (Civil action No. 1261) for $5,344.67—which judgment is the foundation for the present action. (No. 1601.)

(4) On January 18, 1935, plaintiffs obtained an execution upon the judgment in action No. 1261, and proceeded to sell the $15,000.00 note and mortgage of Josie from her brother Vernor, to plaintiffs. Notice of the sale was sent to Defendant Morgan's firm of attorneys on January 25, 1935.

(5) On January 26, 1935, Morgan prepared a release of said note and mortgage which was signed by one William H. Baird as attorney in fact for Josie. It was recorded January 28, 1935. Said release was executed pursuant to an agreement between Josie and Vernor that the real estate owned should be transferred from Vernor to their mother Elizabeth Baird in payment of obligations owing from Josie to her mother.

(6) Also on January 26, 1935, Morgan prepared a note and mortgage upon the property from Vernor to the Morgan firm and caused it to be signed. It was recorded January 29, 1935.

(7) The Morgans were attorneys for Josie in the action No. 1261.

(8)　On January 28, 1935, the deed from Vernor to his mother Elizabeth was executed.

(9)　On November 15, 1937, civil action No. 1410 was commenced by plaintiffs to foreclose the $15,000.00 note and mortgage of Vernor to Josie which plaintiffs claimed to have purchased as set out in para. (4) above. Plaintiffs recovered judgment, but the case was appealed to this Supreme Court and reversed on account of the action of attorney Stanley who represented plaintiffs and who had previously represented Josie and Vernor. *Malia, State Bank Com'r, et al* v. *Giles et al.,* 100 Utah 562, 114 P. 2d 208.

(10)　Elizabeth Baird, the mother, and grantee of Vernor, died February 5, 1938, and Morgan was appointed executor of her last will and testament March 13, 1938.

(11)　The case (No. 1410) came back again to this Supreme Court for correction of an alleged error in the lower court's decree in failing to include a finding that the transfers were in fraud of plaintiffs, *Morgan* v. *Fourth Judicial Dist. Court of Wasatch County et al.,* 105 Utah 140, 141 P. 2d 886; but we granted no such relief.

(12)　Present action No. 1601 purports to subject the property (real estate and water stock) to the $5,344.67 judgment in Civil action No. 1261—see par. (3) above—as the property of Josie Baird Giles Smith, alleging that these transactions were all in fraud of Josie's creditors and as a result of the fraud that the executor holds said property in trust for Josie.

(13)　Plaintiffs appealed but did not serve notice of appeal upon Josie or her brother Vernor.

(14)　A motion to dismiss the appeal for lack of service on Josie and Vernor was denied on February 7, 1948, and now the matter is before us upon the error alleged to have been committed by the lower court.

The amended complaint which was dismissed upon demurrer contains 13 paragraphs covering the following facts:

Par. 1: Morgan's qualification as executor of Elizabeth's estate; Par. 2: residence of Morgan and Vernor in Utah, and of Josie in California until September 1, 1945 and now in Utah; Par. 3: pars. 3, 4 and 5 or the original complaint which cover death of Elizabeth, the action and judgment in No. 1261 civil, and the title of the property in Vernor, plus the latter's note and mortgage to Josie; Par. 4: the execution of January 18, 1935, on judgment in civil action No. 1261 against Josie and the release of note and mortgage by Vernor in favor of Josie, which release was recorded January 28, 1935; Par. 7: incorporates paragraphs 14 to 22 of the original complaint which cover the appeal of civil action No. 1410 and its reversal; 100 Utah 562, 114 P. 2d 208, the amendment of the findings of fact and decree thereafter and the proceedings thereon leading to this court's decision in 105 Utah 140, 141 P. 2d 886, and allegations that the judgment in civil action No. 1261 is unsecured and defendants threaten to transfer the property to plaintiffs' irreparable damage; Par. 8: that on September 9, 1942, plaintiffs executed upon the property in question by execution out of civil action No. 1261 and had the property noticed for sale but defendant executor who was in possession of said property intervened; Par. 9: that the sheriff was restrained by the lower court's order from selling said property until the further order of the court; Par. 10: that there has been no further order of that court, and plaintiffs cannot proceed unless the court determines that the property is held in trust for Josie; Par. 11: possession of the property in Vernor in 1934, in Josie 1935 to 1939 and in the executor since January 1, 1940; Par. 12: that the executor has collected $2200 rentals since January 1, 1940; and finally, Par. 13: that the executor has paid Wasatch County $284.00 pursuant to an agreement reciting the controversy between the parties and an agreement with the county that the outcome of the litigation will govern the liability for taxes and the party paying the delinquent taxes of $1420 if determined not to be the owner will be reimbursed for payments made.

Paragraph 6 of the demurrer to the amended complaint recites the following sections of our code as the statutes of limitations applicable: 104-2-21, 104-2-22, 104-2-23, 104-2-24(3), 104-2-30, 104-2-32, 104-2-38, 104-2-39, 102-9-4, 102-9-9 and 102-9-13, all of U. C. A. 1943. The demurrer was sustained upon all of these sections. The notice of appeal covers each as being appealed. There is one assignment of error covering all.

Defendants have cross assigned twelve errors raising these points: That the amended complaint does not state a cause of action, and the trial court erred in not sustaining the demurrer to it upon that ground; and in addition thereto error is predicated on a failure to sustain that demurrer on the grounds of ambiguity, unintelligibility and uncertainty; upon a misjoinder of parties defendant; a defect in parties defendant; several causes of action improperly united and also that the trial court erred in refusing to stike the amended complaint for various enumerated grounds; and finally a refusal to strike certain designated paragraphs of the amended complaint.

Let us first consider the ground upon which the demurrer was sustained—the various sections of our code enumerated above. We have examined each of the sections set forth in the demurrer and as indicated in the judgment of the court, and find nothing in them which would bar the present action. The plaintiffs in this action under one theory of the pleadings were proceeding to subject the property in question to a sale under the execution, that is, were seeking to impress the property with the judgment lien. Under this theory, the allegations as to fraud and trust are incidental to the main relief sought, and serve to explain why the conveyances did not divest Josie of equitable title to the property under this theory of the pleadings.

The amended complaint as indicated above, alleges that a judgment was entered in the original action (No. 1261) October 1, 1934, in favor of the present appellants. The

property, if that of Josie, then became subject to a lien as provided in Section 104-30-15, U. C. A. 1943, and subject to the following provision of that section as to the time during which the lien continued:

"* * * The lien shall continue for eight years unless the judgment is previously satisfied or unless the enforcement of the judgment is stayed on appeal by the execution of a sufficient undertaking as provided in this code, in which case the lien of the judgment ceases."

Also, the property became subject to an execution within eight years of entry of judgment by the provisions of Section 104-37-1, U. C. A. 1943.

The present action was commenced December 10, 1943, which was beyond the eight year period. However, the complaint alleges that in the prior execution proceedings under No. 1261 Civil, the present defendant executor intervened and secured an order of court restraining the sale of the property. This restraining order was entered September 29, 1942, at a time when the eight year period was still in effect, and this restraining order continues in effect since the court has made no further order.

A case similar in principle is that of *Free* v. *Farnsworth*, 112 Utah 410, 1948, 188 P. 2d 731, 735. In that case we held that

."where a judgment debtor prevents a levy of execution or sale under a writ of execution, by injunction proceedings, on dismissal of the injunction proceedings the debtor is estopped to claim expiration of the judgment lien until the lapse of a period of time which would correspond with the time lost to the judgment creditor by an improperly issued or wrongfully maintained restraining order. (Citing authorities.)"

The present action was an outgrowth of the restraining order stopping the execution sale. Under the pleadings in this case the court must ultimately decide whether or not the restraining order was "improperly issued or wrongfully maintained," because on this decision will rest the determination of whether or not the time provided in Section 104-30-

15 and 104-37-1, U. C. A. 1943, has expired. Thus under one theory of the pleadings the statute of limitations may not have run, since these are the applicable statutes so far as the period of limitations is concerned under such a theory. In support of the position that the statute has not run the plaintiffs have made certain allegations of fraud and trust, and that they are thus entitled to impress the lien of the judgment on the property and execute thereon. Having determined that under this theory of the pleadings the principle announced in *Free* v. *Farnsworth,* supra, is controlling, and that the statutes above indicated are controlling as the limitation period, and that the statutes set up in the defendant's demurrer to the amended complaint are not controlling, it follows that the lower court was in error in sustaining the defendants demurrer to the plaintiffs amended complaint on that ground.

It is contended by the appellants (plaintiffs) that since Josie was out of the state at various stated times, that the Statute of Limitations was suspended. In view of our ruling, however, it becomes unnecessary to pass upon this question.

We have previously indicated the cross assignments of error raised by the defendants in support of the ruling of the lower court, chief among them being that the plaintiffs by their amended complaint failed to state a cause of action. Referring again to the outline of the allegations of the amended complaint given previously in this decision, we find nothing more than a recitation of the history of the conflict between these parties with the allegations of the levy of execution on the property and the intervention and restraining order at the instance of the estate of Elizabeth. The plaintiffs have failed to state a cause of action, and we must so hold. However, it is equally apparent from a comparison of the original complaint with the amended complaint, and the numbering of the paragraphs of the amended complaint, wherein certain consecutive numbers are omitted, that the failure to state a cause of action was due only to inadvertence, and that a good cause of action,

but for inadvertance would have been stated. Similarly, from the ruling of the trial court on the demurrer it is apparent that all parties below proceeded on the theory that the omitted portions were present in the complaint. For these reasons, we are not disposed to dismiss the action. However, we cannot correct the omissions on this appeal. This is a matter which must be corrected in the trial court.

In view of our holding that the amended complaint fails to state facts sufficient to constitute a cause of action, it becomes unnecessary to consider the other cross assignments of error.

The judgment of the lower court that the cause of actions was barred by the statute of limitations is reversed. The cross assignments of error however sustain the judgment of the lower court to the extent of establishing that no cause of action was stated, and the case is remanded to the lower court with instructions to allow the parties to make any amendments to their pleadings as they may deem appropriate. Each party to bear his own costs.

WADE, WOLFE, LATIMER and McDONOUGH, JJ., concur.