# FEDERAL FARM MORTG. CORPORATION v. WALKER et al.

No. 7211.   Decided May 11, 1949.   (206 P. 2d 146.)

See 49 C. J. S., Judgments, sec. 491; 31 Am. Jur. 46.

*Newell G. Daines,* of Logan, and *L. DeLos Daines,* of Salt Lake City, for appellants.

*Bullen & Bell,* of Logan, for respondent.

WOLFE, Justice.

Action by the plaintiff, Federal Farm Mortgage Corporation, to foreclose an alleged lien on certain real property

owned by the Decedent, Gerald C. Walker, at the time of his death. The parties are referred to as they appeared in the court below. The alleged lien was purportedly acquired in the following manner: On September 27, 1938, the plaintiff, in mortgage foreclosure proceedings wherein the decedent was one of the defendants, recovered a judgment against him for $3384.07. The property covered by the mortgage did not satisfy the judgment, and consequently a deficiency judgment for $1614.77 was entered against the decedent. It is this judgment which gives the plaintiff the basis for its alleged lien on the decedent's real property which consists of a house and lot in Smithfield, Cache County, Utah.

The decedent died on January 14, 1946, leaving the above mentioned real property as his whole estate which was appraised at $1050. The defendant, Vance D. Walker, was appointed administrator. Five children survived the decedent, one of whom, Harry, was a minor at the time of his father's death. On September 19, 1946, the plaintiff commenced this action to foreclose its alleged lien. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The defendant, Harry C. Walker, by his guardian ad litem, Vance D. Walker, filed an answer denying that the plaintiff's deficiency judgment ever was a lien on the decedent's house and lot, claiming that it was the latter's homestead, and thus exempt. In the same pleading, Harry Walker, alleged by way of a cross-complaint that the said property had been distributed to him by a decree of summary distribution pursuant to Sec. 102-8-2, Utah Code Annotated 1943; that if the plaintiff's judgment ever was a lien on the said property, it expired on September 28, 1946, eight years after its entry; and that the judgment is a money judgment and has never been presented to the administrator for payment as required by the probate code. Later by way of amendment to his cross-complaint, Harry Walker further alleged that said property, after it was thus distributed, vested in him as a homestead,

and prayed that the title be quieted in him. The plaintiff demurred to the amended answer and cross-complaint. The court overruled the defendant's demurrer to the plaintiff's complaint, and sustained the plaintiff's demurrer to Harry Walker's amended answer and cross-complaint. The defendants, electing to stand on their pleadings, did not further plead and on April 6, 1948, a decree of foreclosure was entered against them upon their default. They prosecute this appeal.

Several errors have been assigned by the appellants, only one of which we need consider since it necessitates a reversal of the judgment. That assignment is that the district court erred in foreclosing the lien of the judgment creditor since the lien, if it ever existed, expired during the pendency of this action in that court. Sec. 104-30-15, U. C. A. 1943, provides that the lien of a judgment against the real property of the debtor

"shall continue for eight years  *  *  *  unless the enforcement of the judgment is stayed on appeal by the execution of a sufficient undertaking as provided in this code, in which case the lien of the judgment ceases."

This court in 1899, in the case of *Smith* v. *Schwartz*, 21 Utah 126, 60 P. 305, 81 Am. St. Rep. 670, ruled that the lien of a judgment expires at the end of the statutory period established by the legislature and that the courts are powerless to extend it beyond that time. Whether in that case the rule was properly applied in view of the fact that the judgmen creditor was wrongfully enjoined from levying execution upon the property until after his lien expired, we need not now determine. We do now, however, affirm the rule, that the courts cannot extend the life of a judgment lien. Admittedly, we did depart from that rule and extend the life of a judgment lien in *Free* v *Farnworth*, 112 Utah 410, 188 P. 2d 731. Our reasons for so doing rested fundamentally upon the doctrine of estoppel. In the first appeal of that case (see *Free* v. *Farnworth et al.*, 105 Utah 583, 144

P. 2d 532) the plaintiff, Free, relying on a tax deed, brought an action to quiet title against (1) Farnworth, the former record owner; (2) the Regional Agricultural Credit Corporation of Salt Lake City, which had a judgment lien against the property which it claimed to be senior to any mortgages on the property; (3) several Jensens who were purchasers under a contract of sale and exchange with Farnworth and her husband; (4) Skeen, a mortgagee, and (5) others not involved in that controversy. The district court quieted title in Free. When Farnworth and Skeen did not appeal from the judgment, the Jensens and the Credit Corporation prosecuted an appeal and gained a reversal thereof. This court held that Free in buying the property at the tax sale acted as a trustee for Farnworth; consequently we quieted title in the latter and remanded the case to the district court to have the priority of the rights of the parties determined. The second appeal was from a judgment in the district court foreclosing the lien of the Credit Corporation. This second appeal was brought by Farnworth and Skeen contending, among other things, that the court erred in foreclosing the lien of the Credit Corporation since it expired while the first appeal was pending. We held that since the judgment creditor was forced to assert its lien in a suit to quiet title, and appeal an erroneous judgment against it to this court to remedy a situation brought about by the conduct of Farnworth and Skeen, that they could not be heard to say that the lien had expired. It would have been fruitless for the Credit Corporation to have attempted to levy upon the property while Farnworth's title was being contested in an action to quiet title, and had the Credit Corporation not appealed from the decree quieting title against the defendants, it would have been precluded from asserting any further claim to the property.

The plaintiff in the case before us contends that because Secs. 102-9-16 and 104-37-7, U. C. A. 1943, precluded it from levying execution after the decedent's death, it comes within the scope of the decision in the *Free* case. Not so. The *Free*

decision is grounded upon the equitable principle that no one should be allowed to profit from his own wrong. In the instant case levy of execution before the lien expired was not made impossible nor rendered fruitless by any wrongful or misleading act or conduct of the defendants. They have done nothing to invoke an estoppel against them.

Therefore, we conclude that since the plaintiff's lien expired while this action was pending in the district court, the estate was distributed to Harry Walker free of any lien arising by virtue of the plaintiff's judgment.

The judgment of the district court is reversed, and the case is remanded with directions that the plaintiff's complaint be dismissed and that a decree be entered quieting title to the property in Harry Walker, free of any liens held against it by the plaintiff. Appellants to recover their costs.

PRATT, C. J., and LATIMER and McDONOUGH, JJ., concur.

WADE, J., concurs in the result.