**In re Donald R. CHILDERS, Sheryl Lynn Childers, Debtors.**

**Bankruptcy No. 3–80–01619(B).**

United States Bankruptcy Court,
W. D. Kentucky.

Dec. 17, 1981.

W. Craig Aulenbach, Louisville, Ky., for creditor.

Alton D. Priddy, Louisville, Ky., for debtors.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on motion of the debtors to require Autotruck Federal Credit Union to return to the debtors a 1976 Ford Mustang repossessed by the credit union on or about June 30, 1981. This Court's jurisdiction was originally invoked on June 6, 1980, when the debtors, Donald and Sheryl Childers, filed a voluntary petition in bankruptcy. The § 341 meeting of creditors was held on July 1, 1980; subsequently, a discharge hearing was conducted, and the order of discharge was entered on November 5, 1980.

During the pendency of the case, the debtors entered into agreements with Thorp Credit, Inc., of Indiana, and Liberty National Bank of Louisville, Kentucky, whereby it was agreed that the stay order entered pursuant to 11 U.S.C. § 362 be terminated, and the creditors be permitted to enforce their rights as to their respective security interests.

Three claims were filed during the administration of this no-asset case: Liberty National Bank; General Electric Credit Corporation; and AVCO Financial Services. It does not appear from the record that the Credit Union participated in this bankruptcy case, i.e., filing a proof of claim, institution of an adversary proceeding, etc.

In support of their motion, the debtors rely entirely on *In Re Williams,* 9 B.R. 228, 7 BCD 388 (Bkrtcy.D.Kan.1981), which held that a secured claimant who failed to avail itself of its bankruptcy remedies during the administration of the case forfeited its non-bankruptcy law rights. The court reasoned:

"If the debtors receive their discharge without reaffirmation and without creditors utilizing any of their rights to protect their prefiling liens, the discharge extinguishes the debt underlying the liens." (Citations of authorities omitted.) *Id.,* 9 B.R. 228, 7 BCD at 391.

Although Judge Pusateri, in his lengthy memorandum opinion with its abundant citation of legal authority, has introduced a unique and novel result to the effects and protections afforded by discharge entered pursuant to § 524, nevertheless, this Court is compelled to respectfully disagree. It is the conclusion here that the proper application of § 524 is expressed by the overwhelming majority which hold that the validly enforceable prefiling security interests governed by the limited exceptions found in 11 U.S.C. §§ 522, 544, 545, 546, 547, 548 and 549, are unaffected by a discharge in bankruptcy.

Section 522(c)(2) provides:

"(c) unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen, before the commencement of the case except—

(2) a lien that is—

(A) not avoided under sections 544, 545, 547, 548, 549, or 724(a) of this title;

ified property found in § 522(f). Following the reasoning and result in *Williams, supra,* would lead to the conclusion that 11 U.S.C. § 522(f) is unnecessary. 11 U.S.C. § 524, as explained in a recognized treatise, is effective and will operate only as an injunction against the employment of process to collect or recover a debt as a *personal liability* of the debtor. 3 *Collier on Bankruptcy,* ¶ 524.01 (15th Ed. 1981).

For the foregoing reasons, IT IS ORDERED AND ADJUDGED that the debtors' motion be and is overruled. 11 U.S.C. § 524 and § 727. *In Re Grimes,* 6 B.R. 943, 7 BCD 576 (Bkrtcy.D.Kan.1980).