**COX CORPORATION, Plaintiff and Appellant,**

v.

**Ronald L. VERTIN and Joyce Vertin dba Vertin Auto Center, Defendants and Respondents.**

**No. 20393.**

Supreme Court of Utah.

May 13, 1988.

James R. Blakesley, Salt Lake City, for plaintiff and appellant.

Ray S. Stoddard and Bryan Robinson, Salt Lake City, for defendants and respondents.

HOWE, Associate Chief Justice:

Appellant Cox Corporation appeals the dismissal of its complaint to renew a judgment and judgment lien.

Appellant obtained a judgment against respondents Ronald and Joyce Vertin on

---

November 26, 1974. The judgment was docketed in the Third District Court in Salt Lake County on December 4, 1974, thereby becoming a lien on respondents' real property located at 4799 Quail Point Road in Salt Lake County. Utah Code Ann. § 78–22–1 (1987). Respondents filed for bankruptcy on December 29, 1975, and were discharged approximately one year later. They listed the Quail Point property among their assets; however, the property was not sold by the trustee, nor was the judgment lien avoided in the bankruptcy. The parties agree that the bankruptcy relieved respondents of all personal liability for the judgment.

On December 11, 1981, appellant commenced the instant action to renew its judgment and judgment lien. Respondents answered the complaint, raising the defense that the judgment had been discharged in bankruptcy. In a memorandum decision, the trial court held that the judgment lien was not extinguished by the bankruptcy and during its statutory eight-year life could have been foreclosed on any real property owned by respondents at the time they filed bankruptcy. However, since the bankruptcy discharged respondents' personal liability on the judgment, the court held that neither the judgment nor the judgment lien could be renewed and dismissed appellant's action.

■ Appellant contends that since the judgment lien was not avoided in the bankruptcy proceeding, it was renewable and the judgment should be renewed in some limited form to support the lien without reviving respondents' personal liability. This theory finds no support in our statutory scheme. A judgment lien is purely a creation of statute. It does not exist in common law; therefore, the rights of the parties must be determined within the statutory framework. *Messenger v. Burns,* 86 Idaho 26, 382 P.2d 913 (1963).

■ The creation, legal effect, and extent of a judgment are set out in Utah Code Ann. § 78–22–1. That section provides, "The lien shall continue for eight years unless the judgment is previously satisfied...." Although some states may provide for the renewal or revival of a judgment lien, *see Pruellage v. De Seaton Corp.,* 407 S.W.2d 36 (Mo.Ct.App.1966), our statutory scheme has no provision for an extension of a judgment lien independent of the judgment on which it is based. *Federal Farm Mortgage Corp. v. Walker,* 115 Utah 461, 206 P.2d 146 (1949). Nor do our statutes authorize the renewal of a judgment subject to limitations or restrictions imposed on it. Thus, the judgment lien cannot be extended beyond the statutory life of the judgment.

■ The lien of a renewal judgment attaches only from the date of entry of the new judgment and does not relate back to the date of the original judgment or extend the prior lien. *Free v. Farnworth,* 112 Utah 410, 188 P.2d 731 (1948). A renewal of a judgment results in a new judgment which, when docketed, creates a new lien "upon all the real property of the judgment debtor, ... owned by him at the time or by him thereafter acquired during the existence of said lien." § 78–22–1.

■ The trial court did not err in allowing respondents to interpose their discharge in bankruptcy as a defense to the granting of a new judgment. There being a valid defense to the granting of a new judgment and no basis in law to otherwise renew or extend the lien, the trial court's ruling must be affirmed.

HALL, C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.

ZIMMERMAN, Justice, concurring:

I join the majority, albeit somewhat reluctantly. Under federal law, a discharge in bankruptcy frees the debtor from the underlying liability that supports a lien on the debtor's property. 11 U.S.C. § 524(a) (Supp.1987). However, federal bankruptcy law does not extinguish a lien on the debtor's property which is not avoided during the bankruptcy proceeding. *See, e.g., In re Cassi,* 24 B.R. 619, 626 (Bankr.N.D.Ind. 1982); *In re Nason,* 22 B.R. 690, 691–92 (Bankr.D.Me.1982); *In re Childers,* 20 B.R.

681, 683 (Bankr.W.D.Ky.1981). In the present case, the lien in question was not avoided during the bankruptcy proceeding. Therefore, federal law would have permitted the survival of a lien on the property of the debtor. Whether such a lien could continue to exist after the date of the bankruptcy, however, is a question of state law.

Under Utah law, once the lien was in place, it continued through the bankruptcy proceeding and could have been executed upon at any time until the end of its statutory eight-year life. However, once the eight-year period passed, the lien could not be renewed, as the majority observes, because under the Utah statute, a lien can be renewed only by the fictional renewing of the underlying debt. Because the bankruptcy court had discharged the underlying personal liability, it was impossible to renew the lien under the Utah statute.

Although I agree with the majority that section 78–22–1 of the Code does require the result reached in this case, I find it rather arbitrary and certainly not a result that the legislature would have intended had it foreseen the interaction of the federal bankruptcy law and the state lien law. I can think of no sound policy reason for extinguishing a lien that has survived bankruptcy merely because eight years have passed since the date of the initial judgment. However, it is impossible to interpret our statute as permitting survival of the lien without the survival of the underlying liability. For that reason alone, I join the majority in affirming the result below.