**In re George Paul SILLANI, Debtor.**

**Bankruptcy No. 80–00021–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Feb. 18, 1981.

Dale Ross, Fort Lauderdale, Fla., for debtor.

David D. Welch, Pompano Beach, Fla., John A. Friedman, Peter N. Hanna, Fort Lauderdale, Fla., for creditors.

A. W. Beck, trustee.

## MEMORANDUM DECISION—APPLICATION TO REOPEN CASE

THOMAS C. BRITTON, Bankruptcy Judge.

This case presents the somewhat confusing question of the effect of the Bankruptcy Code on a pre-bankruptcy judicial lien.

This case has been closed. The debtor is here on a motion to reopen the case under 11 U.S.C. § 350 to seek a determination that a judgment lien is void. The relevant facts are undisputed and the parties agreed before me on February 13 to submit the ultimate issue.

The Southeast Bank of Deerfield Beach obtained a judgment in 1978 against the debtor on a promissory note. A certified copy of that judgment was recorded in Broward County on January 10, 1978. Since 1978, a *certified* copy of a judgment, whether state or federal, must be recorded in the county to effect a judgment lien against property within that county, whether it be the forum county or not. § 55.10, Florida Statutes; *Smith v. Venus Condominium Ass'n, Inc.*, Fla.1978, 352 So.2d 1169.

At that time, the debtor owned an undivided interest in a home in Broward County.

In August, 1979, during the course of a divorce proceeding, the debtor relinquished his interest in the home to his wife and the transfer of title was approved by the State court. That proceeding interrupted a scheduled execution sale of the debtor's interest in satisfaction of the bank's judgment lien, because the wife claimed the property to be exempt as homestead.

Thereafter, on January 10, 1980, the debtor filed for bankruptcy. At this point, the debtor had no title to nor equitable claim of any interest in the property in question, therefore, the house was not property of the estate under § 541(a)(1). Since he had lost title to the property about five months before bankruptcy, the transfer could have been voided as a preference under § 547(b)(4)(B) if the trustee could establish one of the grounds of that subsection. No such proceeding was ever instituted.

The judgment creditor continued his efforts in the State court to enforce his judgment against the ex-wife's property after bankruptcy and the State court on January 29, 1980 held that the property was not exempt and was, therefore, subject to the bank's judgment lien. Since this was an in rem proceeding in which the debtor was neither a necessary nor proper party because the house was no longer his property and since no relief was sought against the debtor, bankruptcy did not interrupt this proceeding. The debtor promptly filed a suggestion of bankruptcy and a motion to vacate that order, which was denied in March, 1980. The State court in deference to the pending bankruptcy postponed the execution sale until the automatic stay resulting from this bankruptcy terminated under § 362(c)(2)(C), when the debtor received his discharge on June 10, 1980. The judicial sale has just occurred.

 It is the debtor's position that because the judgment lien secured a personal liability (as distinct from a contractually secured debt), the enforcement of that lien is discharged by the provisions of § 524(a)(1):

"A discharge in a case under this title (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . ".

This is a common source of confusion. The quoted provision merely voids judgments to the extent they are unsecured. The judgment creditor cannot seek any recovery on his judgment other than that obtainable against his security. Liens pass through the bankruptcy case unaffected unless a party in interest requests the court to determine and allow or disallow the claims secured by the lien under § 502 and the claim is not allowed. § 506(d); *Collier on Bankruptcy* (15th ed.) ¶ 506.03 at pages 506–6 and 12.

 The debtor has not suggested nor do I detect any possible basis upon which this judgment lien, perfected two years before

bankruptcy against real property could be avoided by the trustee or any other interested party. That being so, no purpose would be served by reopening this case and, therefore, the debtor's motions are denied.