### ORDER

Howard L. Chapman, Fort Wayne, Ind., for plaintiff.

Howard B. Sandler, Fort Wayne, Ind., for defendants.

### ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

This matter is before the Court on the complaint of Waterfield Mortgage Company, Incorporated (hereafter, Waterfield), the plaintiff-creditor, seeking a declaratory judgment and relief regarding the effect, if any, that a discharge of Mr. and Mrs. Cassi, debtors, will have on the lien of plaintiff's mortgage, in the event that plaintiff takes no further action in the bankruptcy proceedings. A hearing was held on June 30, 1981 at which the parties agreed that a stipulation of facts, the pleadings and a brief would constitute the full submission of this matter. Upon receipt of the stipulation and the brief, the matter was taken under advisement on September 18, 1981.

In the Matter of Michael Louis CASSI and Betty Luise Cassi, Debtors.

**WATERFIELD MORTGAGE CO., INC., Plaintiff,**

v.

**Michael Louis CASSI and Betty Luise Cassi, Defendants.**

Bankruptcy No. 81–1081.

Adv. No. 81–10416.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

April 22, 1982.

*Issue*

The issue to be determined is whether or not Waterfield is entitled to a declaratory judgment to the effect that, notwithstanding the discharge of debtors, the lien of Waterfield's real estate mortgage is and will continue to be an enforceable *in rem* lien against the real estate described in the mortgage.

There is no controversy regarding the facts in this case. The parties have stipulated that:

a) Michael Louis Cassi and Betty Luise Cassi have filed proceedings in bankruptcy and have received their discharge.

b) Waterfield has filed its proof of secured claim, showing an indebtedness of $31,776.12, plus subsequent interest.

c) Waterfield's claim is secured by a first mortgage on real estate which is occupied by debtors as their residence.

d) The payments due from debtors to Waterfield under the note and mortgage are current. Debtors desire to retain their home.

e) No reaffirmation agreement has been made.

f) Waterfield's mortgage was a valid pre-filed lien on the real estate involved herein.

g) No party in interest has requested that the Court determine and allow or disallow Waterfield's claim. Waterfield's claim is an allowed, secured claim.

h) Waterfield has not sought relief from the automatic stay against lien enforcement.

The debtors, jointly and severally, obligated themselves to Waterfield on May 1, 1980 under the terms of a mortgage note to repay the principal amount of a loan together with interest at a stipulated rate in monthly installments over a thirty-year period. The loan was used for the purchase of the debtors' residence. The debtors filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code [1] on May 1, 1981. Waterfield was listed as a secured creditor.

The plaintiff seeks judicial affirmation of the right to enforce its mortgage lien *in rem* against the debtors' mortgaged real estate after discharge in the absence of a reaffirmation agreement. The plaintiff states that, without doubt, one in plaintiff's position could so enforce its lien under Section 14f of the Bankruptcy Act of 1898,[2] the predecessor of Section 524(a) of the Bankruptcy Code.[3] Plaintiff contends that the same is also true under Section 524(a) of the Bankruptcy Code. However, the plaintiff states that the decision of *In re Williams,* 9 B.R. 228 (Bkrtcy.D.Kan.1981) holding that after discharge a creditor may not enforce pre-filed liens against the debtors or their property in the absence of an enforceable reaffirmation agreement casts doubts upon their rights in spite of the fact that other bankruptcy courts have held under the Code that such creditors can enforce their liens after discharge.

The plaintiff contends that *In re Williams, supra* was erroneously decided. In essence, the plaintiff claims that its *in rem* rights against the property of the debtors survives the discharge just as it did under the Bankruptcy Act, while the *Williams* decision said that the new Code has changed the method by which a creditor's lien rights may be exercised and preserved and that a creditor's failure to abide by the changes results in the loss of the right by way of a "waiver." The plaintiff asserts that the decision in *Williams* is based primarily upon that Court's interpretation of wording in Section 524(a)(2) of the Bankruptcy Code.[4] Yet the *Williams* Court's reading of Section 524 is contrary to established law and practice under Section 14f of the Bankruptcy Act.[5] Furthermore the approach of the *Williams* Court is unsupported by legisla-

1. 11 U.S.C.A. §§ 701–766 (West 1979).

2. Pub.L. No. 61, 30 Stat. 550 (1898) (as amended); 11 U.S.C.A. § 32f (West Supp.1979).

3. 11 U.S.C.A. § 524(a) (West 1979).

4. 11 U.S.C.A. § 524(a)(2) (West 1979).

5. Pub.L. No. 61, 30 Stat. 550 (1898) (as amended); 11 U.S.C.A. § 32f (West Supp.1979).

tive history and is in conflict with other sections of the Code. The plaintiff also disagrees with the positions taken in *Williams* that the discharge extinguishes the debt and that without a debt there can be no lien.

For the reasons stated hereafter the Court is of the opinion that Congress did not intend, by enactment of Section 524(a)(2) of the Bankruptcy Code, to change prior bankruptcy law that allowed for the survivability of pre-filed liens which were not otherwise avoided during the proceedings.

As stated above the essence of the issue at bar is how to interpret new language in the Bankruptcy Code and determine its effect on past law and practice. At the heart of the matter is Congress' intent in enacting Section 524 of the Bankruptcy Code.

The *Williams* Court states in its opinion that certain sections of title 11 of the United States Code, plus some of the legislative history, a treatise on bankruptcy, and case law interpretation of the relevant sections of the Bankruptcy Code indicate that creditors' *in rem* rights may be enforced against the debtors' property post-discharge just as was so under the Bankruptcy Act. Nevertheless, the *Williams* Court goes on to say that general concepts of the law, portions of the legislative history, and Sections 524 and 727 of the Bankruptcy Code lead that Court to conclude that apparent conflict among sections of the Code can only be resolved by finding that without reaffirmation, liens do not survive discharge. *In re Williams, supra* at 100.

This Court believes that any apparent conflict, if any exists, can be resolved in such a way to be more consistent with the rest of the Code, the legislative history, and past law and practice regarding the survivability of valid pre-filed liens.

Section 524(a) of the Bankruptcy Code, in pertinent part, reads:

§ 524. Effect of discharge

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141 or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; [6]

Section 14f of the Bankruptcy Act read:

f. An order of discharge shall (1) declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankrupt with respect to any of the following: (a) debts not excepted from the discharge under subdivision (a) of section 35 of this title; (b) debts discharged under paragraph (2) of subdivision (c) of section 35 of this title; and (c) debts determined to be discharged under paragraph (3) of subdivision (c) of section 35 of this title; and (2) enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt.[7]

There is general agreement that under Section 14f of the Bankruptcy Act that valid pre-filed liens which were not otherwise avoided during the bankruptcy proceedings survived the discharge *in rem* and that the discharge did not extinguish the debt. In *In re Williams, supra,* at 100, the Court said that under Section 14f of the Bankruptcy Act a discharge merely prohibited *in personam* actions against the discharged bankrupt but did not protect his property. The lien of a creditor was not extinguished nor was the debt. *See also, Aiken v. Bank of Ga.,* 101 Ga.App. 200, 113

---

6. 11 U.S.C.A. § 524(a)(2), *supra.*

7. 11 U.S.C.A. § 32f, *supra.*

S.E.2d 405 (1960); *Brown v. Cleverly,* 93 Utah 54, 70 P.2d 881 (1937); *Waters v. B.F. Ellington & Co.,* 289 S.W. 417 (Tex.Civ.App. 1926).

However, Congress changed the provision of Section 14f of the Bankruptcy Act by, among other things, adding the words "or from property of the debtor" following the words "as a personal liability of the debtor" in Section 524(a)(2) of the Bankruptcy Code. The problem is just what did Congress mean to do by adding those words. The Court in *Williams* decided that the new words prohibited any act to collect a secured debt not just *in personam* against the discharged debtor but also *in rem* against the collateral unless there had been an approved reaffirmation. This interpretation constitutes a significant departure from the past.

Without question the wording creates some ambiguity regarding its meaning. Nevertheless, for the reasons stated below, the Court finds that the Code drafters intended for unavoided liens to survive discharge.

First, Section 524(a) is substantially the same as Section 14f. Section 14f was added in 1970, in part, out of concern regarding certain creditor abuses in which creditors, whose debts had been subject to the discharge, attempted to collect from the debtor or the debtor's property.

A primary reason for the amendments was to effectuate the discharge in bankruptcy and render needless its assertion as an affirmative defense in a subsequent state court action. In the usual case of discharge abuse or creditor harassment, suit would be brought in a local court after the granting of the discharge, and if the bankrupt failed to plead the discharge affirmatively, the defense was deemed waived and an enforceable judgment could be taken against him. Too often, the defense was in fact waived either through inadvertence, failure to be served, or lack of means to obtain counsel. In any event, the former bankrupt would find himself and his property subject to a judgment taken by default against him.

1A Collier on Bankruptcy ¶ 14.69 at 1453 (14th ed. 1978).

The legislative comments to Section 524(a) state that Section 524(a) has expanded the effect of discharge as a total prohibition on debt collection efforts as compared with Section 14f to now cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employees, harassment, threats of repossession, and the like. It is also noted that the intention is to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it. H.R. No. 95–595, 95th Cong., 1st Sess., 365–366 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

This history indicates that Section 524(a) was focused upon Congress' continuing concern to curb what it considered to be abusive practices. There has never been any indication that Congress believed that the enforcement of valid pre-filed liens was abusive. Abuse came from creditors with discharged unsecured claims or avoided liens who harassed debtors. *In re Weathers,* 15 B.R. 945, 8 B.C.D. 524 (Bkrtcy.D. Kan.1981).

The House Report, in its discussion of Section 524(a) deals with the effect of discharge upon the debtor's personal liability, but states nothing regarding the section's effect upon the preservation of liens after the discharge. There is no discussion regarding the significance of the additional language added to this section regarding property of the debtor.

Nevertheless there is specific discussion of this section and comparisons made with Section 14f. It seems inconceivable that no mention would be made at that point in the discussion of such a dramatic change from bankruptcy law under the Act had such a change been intended.

The Court in *Williams,* however, said that language in the legislative history regarding Section 524(a) justifies the interpretation the Court gave to words "or from property of the debtor." The House Re-

port, regarding Section 524(a), states as follows:

§ 524. Effect of discharge

Subsection (a) specifies that a discharge in a bankruptcy case voids any judgment to the extent that it is a determination of the personal liability of the debtor with respect to a pre-petition debt, and operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, including telephone calls, letters, and personal contacts, to collect, recover, or offset any discharged debt as a personal liability of the debtor, or from property of the debtor, whether or not the debtor has waived discharge of the debt involved. The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph has been expanded over a comparable provision in Bankruptcy Act § 14f to cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employees, harassment, threats of repossession and the like. The change is consonant with the new policy forbidding binding reaffirmation agreements under proposed 11 U.S.C. § 524(d), and is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it. In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that.[8]

The Court said that the words "In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that" show that Congress' intent in this section was to prohibit the enforcement of a lien, after discharge, not only *in personam* but also *in rem*.

This Court, reading that sentence in the full context of the paragraph in which it appears, is of the opinion that the sentence is meant to emphasize the extent of the expanded injunction provided in Section 524(a) to curb creditor abuses. The words, "in effect," seriously limit any contention that the discharge actually extinguishes the debt for all and any purposes. The whole context refers to extinguishment of personal liability and prohibition of activity that had led to abuse. The Court cannot read into those words the meaning given them by the Court in *Williams.*

Furthermore, additional evidence of Congressional intent in this matter can be seen by looking to other sections of the Code and to the legislative history associated with them.

The determination of a creditor's secured status is controlled by Section 506 of the Bankruptcy Code. The plaintiff in the case at bar comes within this section in that plaintiff is a creditor holding security in the form of a mortgage lien upon the debtors' real estate and no party in interest has requested that the Court determine and allow or disallow the claim. Section 506(d) reads as follows:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.[9]

The legislative comments to Section 506 state that:

Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed.[10]

8. H.R. No. 95–595, 95th Cong., 1st Sess., 365–366 (1977), U.S.Code Cong. & Admin.News, p. 6321.

9. 11 U.S.C.A. § 506(d) (West 1979).

10. H.R. No. 95–595, 95th Cong., 1st Sess., 357 (1977), U.S.Code Cong. & Admin.News, p. 6313.

Clearly this history indicates that Congress intended that a lien not otherwise avoided would survive the discharge of the debtor as an *in rem* liability.

Furthermore, the language, legislative history, and commentary of Section 522 of the Bankruptcy Code also clarifies Congressional intent in this matter. Section 522(c) is as follows:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

(2) a lien that is—

(A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;

(B) not avoided under section 506(d) of this title; or

(C)(i) a tax lien, notice of which is properly filed; and

(ii) avoided under section 545(2) of this title.[11]

Section 522(c)(2) continues, under the Code, the long standing rule under the Act that valid, pre-filed liens are preserved even as against the exempt property of the debtor. Thus exempt property is not protected from the enforcement of valid liens. *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); 3 Collier on Bankruptcy ¶ 522.27 at 522–65 (15th ed.1981).

The legislative history of Section 522(c) indicates clearly that Congress intended valid liens to survive discharge as long as they were not avoided during the bankruptcy proceedings. The House Report states:

The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. H.R. No. 95–595, 95th Cong., 1st Sess., 361 (1977). *See also,* S.Rep. No. 95–989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin. News, p. 6317.

It could be argued that the result reached in *In re Williams, supra,* does not contradict the provisions and legislative history of Section 522(c) since that decision does not remove the right of the creditor to enforce its lien, but rather, only conditions that the enforcement must either be before discharge or as a result of a binding reaffirmation agreement. However, the Court finds any such argument unpersuasive. First of all the language of the section itself applies to efforts to enforce the liability *during or after* the case.[12] Secondly, there is no mention whatsoever in the text of Section 522(c), nor in the legislative history of conditioning the survival of liens after discharge upon the existence of a reaffirmation agreement, nor was post-discharge enforceability made subject to the creditor's seeking relief from the stay and enforcement of its lien during the proceedings. Nothing other than the existence of a pre-petition valid lien that has not otherwise been avoided is evident in the text of the Section or in the legislative history as necessary to the preservation of liens subsequent to discharge.

In addition to the language of the Code and the legislative history, the interpretation of Section 524(a) by commentators provides further support for the view that valid, pre-filing liens survive the discharge *in rem.* 3 Collier on Bankruptcy ¶ 524.01 at 524–7 (15th ed.1981) states:

The reasons behind the enactment of section 524(a), which is certainly comparable to and, in effect, amounts to a continuation of Section 14f of the Act, include those which originally prompted the enactment of Section 14f itself. With Section 524(a)(2), however, Congress has gone further and expanded Section 14f(2) to encompass the enjoining of any act to collect a discharged debt such as dunning

---

**11.** 11 U.S.C.A. § 522(c) (West 1979).

**12.** 11 U.S.C.A. § 522(c), *supra.*

by telephone or letter, or indirectly through friends, relatives, or employees, harassment, threats of repossession and the like. The injunction was also expanded to apply to creditors' attempts to recover the debt from "property of the debtor" i.e., property acquired by the debtor after commencement of the bankruptcy case.

Thus Collier on Bankruptcy takes the position that the words "or from property of the debtor" refer to after acquired property which under the expanded injunction is also protected from creditor actions.

More specifically it is stated in Collier on Bankruptcy that:

> The expansion of the injunction to prohibit creditors' post-discharge attempts to recover from the "property of the debtor" in section 524(a)(2) does not prevent post-discharge enforcement of a valid lien on property of the debtor existing at the time of the entry of the order for relief, providing such lien was not avoided under the Code. .... Thus, with Congressional intent so clear that valid liens may be enforced, "property of the debtor" in section 524(a)(2) necessarily refers to property acquired by the debtor after the filing of the petition commencing the title 11 case. 3 Collier on Bankruptcy ¶ 524.01 at 524–14 (15th ed.1981).

Therefore, after a careful review of the language of relevant sections of the Code, the legislative history of those sections, and the observations of commentators, the Court finds that there is insufficient support for the interpretation that Section 524(a)(2) prohibits the enforcement of valid, pre-filed liens that have not been avoided during the proceedings after the discharge in the absence of an approved reaffirmation agreement. The Court also finds that Congress intended to continue the rule that such liens are enforceable *in rem* after the discharge.

These findings are supported by the fact that in every reported case considering this issue, except for *In re Williams, supra,* courts have come to a similar conclusion regarding the survivability of liens post-discharge. The *Williams* case, alone, represents the minority position regarding the survivability of pre-filed liens that are not avoided. *See, In re Coots,* 4 B.R. 281 (Bkrtcy.S.D.Ohio 1980); *In re Cornist,* 7 B.R. 118 (Bkrtcy.S.D.Cal.1980); *In re Grimes,* 6 B.R. 943 (Bkrtcy.D.Kan.1980); *In re Honaker,* 4 B.R. 415 (Bkrtcy.E.D.Mich. 1980); *In re Hotel Associates, Inc.,* 3 B.R. 343 (Bkrtcy.E.D.Pa.1980); *In re Meyers,* 2 B.R. 603 (Bkrtcy.E.D.Mich.1980); *In re Robertson,* 4 B.R. 213 (Bkrtcy.D.Colo.1980); *In re Williams,* 7 B.R. 234 (Bkrtcy.M.D.Ga. 1980); *In re Bell,* 8 B.R. 549 (Bkrtcy.E.D. Mich.1981), *rev'd on other grounds,* 8 B.C.D. 127 (D.C.E.D.Mich.1981); *In re Berry,* 11 B.R. 886 (Bkrtcy.W.D.Pa.1981); *In re King,* 15 B.R. 548, 5 C.B.C.2d 754 (Bkrtcy.M.D.Pa. 1981); *In re Sillani,* 9 B.R. 188 (Bkrtcy.S.D. Fla.1981); *In re Weathers,* 15 B.R. 945, 8 B.C.D. 524 (Bkrtcy.D.Kan.1981). *See especially, In re Weathers, supra; In re Honaker, supra; In re Williams, supra.*

The *Williams* Court also found that the discharge extinguishes the debt and that any lien securing a discharged debt would likewise be extinguished on the basis that if the underlying debt is extinguished an enforceable lien cannot exist citing Sections 524(a)(1) and (2), 524(c), and 727(b) for the proposition that the discharge extinguishes the underlying debt.

While the cited sections do provide for the discharge of debts and for protection for debtors from creditors' attempts to collect on personal liabilities that have been discharged, this Court finds that the underlying debt is not extinguished nor is the lien extinguished.

The parties in this action and the Court in *Williams* agree that under the Bankruptcy Act neither the debt nor the lien were extinguished by the discharge. *In re Williams, supra,* at 100. There is no argument that under Section 14f of the Bankruptcy Act, *supra,* a discharge only prohibited *in personam* actions against the bankrupt regarding discharged debts. *See,* 1A Collier on Bankruptcy ¶ 14.69 at 1454–1455 (14th ed. 1978) where it is stated that:

The provisions of § 14f apply to all debts discharged pursuant to the various parts of § 17 but apply only to the bankrupt's personal liability upon such debts. Debts which are discharged in bankruptcy because they are not excepted at all from the discharge, naturally, fall within the scope of § 14f. These are all debts in whole or in part provable which do not come within any of the excepted classes specified in § 17a. Secondly, the provisions of § 14f and the contents of the discharge order apply to those debts falling within the classes of § 17a(2), (4), and (8), for which complaints to determine their dischargeability were not timely filed, resulting in their automatic discharge under § 17c(2). Thirdly, the provisions apply to those debts for which complaints to determine dischargeability were filed pursuant to § 17c(1) or (2) and Bankruptcy Rules 409(a)(1) and (2), and, after trial, were held by the bankruptcy court to be dischargeable, pursuant to § 17c(3). But as mentioned, the provisions apply only as respects the personal liability of the bankrupt. Where it is necessary to commence or continue a suit against a bankrupt in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. The 1970 amendments were intended for the benefit of the bankrupt but were not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

There can be no doubt that Section 14f had been intended and was regarded as an injunctive bar to the *enforcement* of any judgment or legal action on a debt after the debtor's discharge, but the section did not extinguish the debt.

This Court is not persuaded that Section 524 of the Bankruptcy Code, *supra,* was intended nor did change this aspect of Section 14f. As stated earlier in this opinion the addition of the words "or from property of the debtor" are not to be interpreted as eliminating certain *in rem* rights after discharge. Nor are those words indication of a Congressional intent to extinguish the debt or the lien associated with the debt. The language of the Code makes it clear that Section 524 applies to the personal liability of the debtor. Neither the language itself of the section nor the legislative history makes any indication that the position of Section 14f regarding the effect of discharge upon debts has been changed.

It has been argued that the legislative history indicates that a change has been made. Cited for this position is a sentence in the House Report: "In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that." H.R. No. 95–595, *supra,* at 366, U.S.Code Cong. & Admin.News p. 6322. As has been stated above, this Court does not read this paragraph to mean that the right to *in rem* actions is prohibited post-discharge. Furthermore, the Court finds that this language does not mean that the debt is extinguished by the discharge. The context of the entire paragraph supports this finding. Additionally, the use of the words "In effect" would make very little sense if Congress intended that the debt be extinguished by the discharge. The words "In effect" indicate that for certain purposes it is *as if* the debt were extinguished. That does not mean the same as the debt is extinguished for all purposes. For example, clearly under the Bankruptcy Code the debt exists for the purpose of proceeding against the debtor in order to impose liability on accommodation parties. § 524(e);[13] 3 Collier on Bankruptcy ¶ 524.01 at 524–14 (15th ed. 1981).

Finally the Court finds that a valid, prefiled lien that is not otherwise avoided during the bankruptcy proceedings is not extinguished by the discharge and remains enforceable *in rem.*

First of all, essential to the *Williams* decision that the lien was extinguished by the discharge was its position that the discharge extinguished the debt. Since this Court has found to the contrary on this point, a key element in the argument is

---

**13.** 11 U.S.C.A. § 524(e) (West 1979).

missing. The debt is not extinguished. While the cases cited by the *Williams* Court on this point, i.e. *U.S. v. Phillips,* 267 F.2d 374 (5th Cir.1959); *Conway v. Alexander,* 11 U.S. 217 (7 Cranch), 3 L.Ed. 321 (1812); *Price v. First National Bank,* 62 Kan. 735, 64 P. 637 (1901) do stand for the proposition that there can be no lien if there is no debt or obligation, they are not relevant to the point of whether the debt was extinguished. Furthermore, in those cases the debt was not extinguished, rather there was no debt at the time the creditors involved attempted to enforce a lien.

Secondly, Indiana law recognizes the independent existence of a lien from the debt which it secured. In a discussion of whether a lien could exist outside the framework of a debt, an Indiana Court of Appeals said:

> The appellee's position in this respect might have merit, we think, if the operation of a lien were limited to securing the payment of a debt, as the word is used in its strictest sense. However it has been held that a lien may secure not only a "debt" but also a duty or other obligation. *Phlipo's Estate v. Mercantile National Bank of Hammond,* 123 Ind.App. 332, 111 N.E.2d 93, 95 (1953).

Plaintiff argues that the "duty or other obligation" secured by the lien in this proceeding is that imposed by the real estate mortgage upon the real estate itself. Plaintiff asserts that after discharge the mortgage note has no further effect upon the debtors with respect to their personal liability; but, nevertheless, the real estate mortgage, a separate contractual agreement from the note between Waterfield and the debtors, provides the basis for a lien even after discharge since the mortgage does not purport to affect the debtor's personal liability. The Court agrees.

Therefore the Court finds that the law is with the plaintiff and accordingly grants relief by declaring that a valid, pre-filed lien which has not been avoided during the bankruptcy proceedings is not extinguished by the discharge of the debtors and remains enforceable *in rem* after the discharge even if there is no approved reaffirmation agree-ment. More specifically, the lien of Waterfield's real estate mortgage is enforceable *in rem* against the real estate described in the mortgage. In conformity with the above counsel will furnish the Court with a form of judgment within fifteen days.

SO ORDERED.