In re Lloyd W. NASON, Debtor.

**JOHN DEERE INDUSTRIAL EQUIP-MENT COMPANY, Plaintiff,**

v.

**Lloyd W. NASON, Harvey J. Putter-baugh, Trustee, Defendants.**

Bankruptcy No. 181–00357.
Adv. No. 182–0146.

United States Bankruptcy Court,
D. Maine.

Aug. 24, 1982.

Philip L. Ingeneri, Bangor, Me., for debtor.

Harvey J. Putterbaugh, Portland, Me., trustee.

Frederick J. Badger, Jr., Bangor, Me., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The debtor filed his Chapter 7 petition on November 13, 1981, and received his discharge on May 11, 1982. On July 1, 1982, the plaintiff filed a "Complaint for Relief from Injunction" seeking permission to proceed in state court on its alleged security interest in certain equipment. Because the Court finds that the discharge injunction of 11 U.S.C. § 524(a) does not prohibit the plaintiff from proceeding in state court against *the property*, the complaint shall be dismissed.

 Title 11 U.S.C. § 524(a) provides in part:

A discharge in a case under this title—

. . . . . .

(2) operates as an injunction against the commencement or continuation of an ac-

tion, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived. . . .

It might be argued that an action by plaintiff in state court against the collateral would be an action to collect a pre-petition debt "from property of the debtor." While plausible on its face, this interpretation of section 524 runs counter to expressed legislative intent. It is clear from the Code that unavoided liens are intended to survive bankruptcy unaffected. *See, e.g.,* H.Rep. No.95–595, 95th Cong., 1st Sess. 357, 361 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; *In re Weathers,* 15 B.R. 945, 950, 8 B.C.D. 524, 527, 5 C.B.C.2d 935, 942 (Bkrtcy. D.Kan.1981). While section 524 of the Code expands the debtor's protections over comparable provision § 14(f) of the repealed Bankruptcy Act,[1] the House Report states that the expanded protection was intended "to cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employers, harassment, threats of repossession, and the like." H.Rep.No.95–595, 95th Cong., 1st Sess. 365–66 (1977), U.S.Code Cong. & Admin.News 1978, p. 6321. Nothing indicates that Congress intended the discharge injunction to apply to the enforcement of valid liens. As one commentator notes,

The expansion of the injunction to prohibit creditors' post-discharge attempts to recover from the "property of the debtor" in section 524(a)(2) does not prevent post-discharge enforcement of a valid lien on property of the debtor existing at the time of the entry of the order for relief, providing such lien was not avoided under the Code. Section 522(c)(2) states that a lien may be enforced against exempt property providing such lien was not avoided under specified sections of the Code or voided under section 506(d). The legislative history to section 522(c) states in part:

---

1. 11 U.S.C. § 32(f) (repealed).

"The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617 (1886), is accepted with respect to the enforcement of valid liens on non-exempt property as well as exempt property."

Section 522(f) enables the debtor to avoid certain liens, including Judicial Liens, to the extent they impair an exemption. Thus, with Congressional intent so clear that valid liens may be enforced, "property of the debtor" in section 524(a)(2) necessarily refers to property acquired by the debtor after the filing of the petition commencing the title 11 case.

3 *Collier on Bankruptcy* ¶ 524.01[3] (15th ed. 1982); *see also In re Weathers*, 15 B.R. at 950–51, 8 B.C.D. at 527–28, 5 C.B.C.2d at 942; *cf. In re Adkins*, 7 B.R. 325, 326, 6 B.C.D. 997, 998, 2 C.B.C.2d 1228, 1229–30 (Bkrtcy.S.D.Cal.1980) (without discussion, court treats a secured creditor foreclosing on its collateral as not subject to discharge injunction).

No purpose would be served by requiring secured creditors to obtain relief from the discharge injunction before proceeding in accordance with state law. State law provides adequate safeguards to protect the discharged debtor's rights in the collateral.[2] (The discharge injunction does, of course, protect debtors from *personal* liability on the underlying debt.)

In light of the court's holding that the discharge injunction of 11 U.S.C. § 524 does not prevent the plaintiff from moving in state court on its alleged security interest against its collateral, the plaintiff's complaint for relief from the injunction will be dismissed.

---

2. Without expressing an opinion as to the correctness of the following decisions, the Court notes that the relationship between debtor and secured creditor after discharge has been the subject of examination in other bankruptcy courts. One court has stated that despite the lack of an enforceable reaffirmation agreement between the debtors and the secured creditor, the debtors are entitled to continue making payments voluntarily. "As long as they do so, they can keep the collateral." *In re Farmer*, 13 B.R. 319, 320, 4 C.B.C.2d 1461, 1462 (Bkrtcy.M.D.Fla.1981).

Another court has held that the bankruptcy discharge does not *extinguish* the debt underlying a creditor's security interest. Rather, it merely renders the debt unenforceable as a personal obligation of the debtor. *In re Sawyer*, 18 B.R. 661, 663, 8 B.C.D. 1168, 1169 (Bkrtcy.D.Idaho 1982). It would seem to follow from this analysis that a debtor could prevent foreclosure by a creditor upon its security interest by not defaulting pursuant to the terms of the now discharged underlying debt. This issue is not currently before the Court, however, and therefore need not be decided in this opinion.