**In re Evan H. THOMAS, Jr., Carol S. Thomas, Debtors.**

**SKOWHEGAN SAVINGS BANK, Plaintiff,**

**v.**

**Evan H. THOMAS, Jr., Carol S. Thomas, Harvey J. Putterbaugh, Trustee, Defendants.**

**Bankruptcy No. 181–00008.
Adv. Nos. 181–0065, 182–0104.**

United States Bankruptcy Court, D. Maine.

Jan. 20, 1983.

Warren C. Shay, Skowhegan, Maine, for plaintiff.

Roger Welch, Waterville, Maine, for debtors.

Harvey J. Putterbaugh, Portland, Maine, Jane Orbeton, Hallowell, Maine (replaced Mr. Putterbaugh as trustee), for trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On June 19, 1981, plaintiff filed a complaint for relief from stay (adversary no. 181–0065) seeking to proceed upon its October 6, 1972 mortgage on certain realty in Skowhegan. On May 17, 1982, plaintiff filed a complaint for relief from stay (adversary no. 182–0104) seeking to proceed upon the same mortgage.[1]

On June 25, 1981, the debtors received their discharge, and in October, 1982, the trustee abandoned the property in question. Therefore, the automatic stay of acts against that property has terminated. 11 U.S.C. § 362(c); *see, e.g., In re King,* 15 B.R. 548, 549, 5 C.B.C.2d 754, 755 (Bkrtcy.M. D.Pa.1981); *In re Green,* 15 B.R. 75, 77, 8 B.C.D. 770, 772, 5 C.B.C.2d 733, 737 (Bkrtcy. S.D.Ohio 1981); *In re Motley,* 10 B.R. 141, 7 B.C.D. 477, 4 C.B.C.2d 36 (Bkrtcy.M.D.Ga. 1981); *In re Cornist,* 7 B.R. 118, 120, 3 C.B.C.2d 381, 384 (Bkrtcy.S.D.Cal.1980). This Court has recently held that the discharge injunction of 11 U.S.C. § 524(a) does not prevent a creditor from pursuing secured rights in property.[2] *See In re Nason,* 22 B.R. 690, 9 B.C.D. 599 (Bkrtcy.D.Me.

1982). Because neither the automatic stay nor the discharge injunction here prevent plaintiff from pursuing whatever rights it may have in property, the Court will dismiss plaintiff's complaints.

Enter Order.

---

1. It appears from the May 17, 1982 complaint that plaintiff was under the mistaken impression that its June 19, 1981 complaint had been dismissed by the Court.

2. Of course, the discharge injunction protects the debtors from *personal* liability on the underlying debt.