Douglas B. Gregg, Dayton, Ohio, for defendant.

Thomas G. Overley, Holland, Ohio, for debtors/plaintiffs.

### OPINION AND ORDER GRANTING MOTION TO DISMISS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon defendant's motion to dismiss plaintiffs' complaint seeking damages for contempt for violation of 11 U.S.C. § 524. Upon consideration thereof, the court finds that defendant's motion is well taken and should be granted and that plaintiffs' complaint should be dismissed.

#### FACTS

Plaintiffs, Debtors in a chapter 7 case previously pending in this court, filed their voluntary petition under chapter 7 of title 11 on May 4, 1987. Defendant was listed as a creditor holding security in the amount of $61,470.41 on plaintiffs' petition. See Schedule A–2. On August 19, 1987, plaintiffs received their discharge. On March 25, 1988, plaintiffs filed the instant complaint for contempt for violation of 11 U.S.C. § 524 against defendant The Chemical Mortgage Company. Plaintiffs contend, in Count One of their complaint, that defendant violated 11 U.S.C. § 524 by initiating a

---

In re Kenneth W. HAGEMANN and Deborah D. Hagemann, Debtors.

Kenneth W. HAGEMANN and Deborah D. Hagemann, Plaintiffs,

v.

The CHEMICAL MORTGAGE COMPANY, Defendant.

Bankruptcy No. 87–00968.
Adv. 88–0110.

United States Bankruptcy Court, N.D. Ohio, W.D.

May 26, 1988.

foreclosure action in state court on December 28, 1987, with respect to the personal obligations of plaintiffs on a note and mortgage. Count Two states that plaintiffs have suffered emotional stress as a result of this violation. Count Three indicates that plaintiffs have incurred attorney fees as a result of this violation. Defendant, on April 13, 1988, filed its answer to plaintiffs' complaint and a motion to dismiss claiming that plaintiffs' complaint fails to state a claim upon which relief can be granted. To date, no response has been filed by plaintiffs.

## DISCUSSION

Rule 12(b) Fed.R.Civ.P., made applicable in this adversary proceeding by Bankruptcy Rule 7012, provides in pertinent part that:

[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion ... (6) failure to state a claim upon which relief can be granted.... If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

Defendant, in the instant motion to dismiss, requests dismissal of plaintiffs' complaint stating that "said Complaint fails to state a claim against Defendant upon which relief can be granted." Motion to Dismiss at 1 (April 13, 1988). Defendant's motion is, then, treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. made applicable to the instant adversary by Bankruptcy Rule 7056.

Pursuant to Rule 56, Fed.R.Civ.P., summary judgment shall be granted if—

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Plaintiffs contend, in their complaint, that defendant violated the injunction imposed by 11 U.S.C. § 524 by initiating a foreclosure action in a state court. Section 524, upon which plaintiffs' complaint is premised, provides in pertinent part:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under § 727....

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor....

11 U.S.C. § 524(a)(1) and (2).

■ The injunction imposed by § 524(a) prohibits a creditor from initiating an action that seeks to determine Debtor's personal liability of a debt discharged in the bankruptcy case. 3 *Collier on Bankruptcy* ¶ 524.01 at 524-4 (15th ed. 1988). *See also In Re Weathers,* 15 B.R. 945, 5 C.B.C. 2d 935, 8 B.C.D. 524 (Bkrtcy.D.Kan.1981) (discharge enjoins plaintiff's pursuit of Debtors for personal liability as Debtors' personal liability is extinguished upon discharge). However, the majority of courts hold, and the legislative history plainly establishes, "that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 189 (3d Cir.1987). *See also In Re Cassi,* 24 B.R. 619, 7 C.B.C.2d 383, 9 B.C.D. 1022 (Bkrtcy. N.D.Ind.1982) (the court finds that the code drafters intended for unavoided liens to survive discharge); *In Re Brock,* 23 B.R. 998, 7 C.B.C.2d 744, 9 B.C.D. 1035 (Bkrtcy. D.C.1982) (lien not having been avoided by either Debtor or trustee in predischarge period survives unaltered in this postdischarge period); *In Re Nason,* 22 B.R. 690,

7 C.B.C.2d 77, 9 B.C.D. 599 (Bkrtcy.D.Me. 1982) (it is clear from the code that unavoided liens are intended to survive bankruptcy unaffected); *In Re Weathers, supra* (code drafters intended unavoided liens to survive discharge); *In Re Sillani*, 9 B.R. 188, 3 C.B.C.2d 883 (Bkrtcy.S.D.Fla.1981) (liens pass through bankruptcy case unaffected unless a party in interest requests the court to allow or disallow the claim). Section 524 is designed to protect a Debtor from in personam liability but does not protect a Debtor from in rem liability on an unavoided, valid lien. *Nason*, 22 B.R. at 691. *See also Chandler Bank of Lyons v. Ray*, 804 F.2d 577 (10th Cir.1986) (the injunction on discharge under § 524 does not preclude in rem actions by secured creditors); *Cassi*, 24 B.R. 619, 9 B.C.D. at 1026 (congress intended to continue the rule that valid, unavoided liens are enforceable in rem after the discharge); *Weathers*, 15 B.R. at 950 (creditors with unavoided or unvoided liens retain their in rem rights).

Plaintiffs, on or about December 30, 1985, executed a note and mortgage in favor of defendant, secured by certain real estate. Complaint for Contempt for Violation of 11 U.S.C. § 524 at 2 (March 25, 1988). Plaintiffs filed, with their petition, a statement of intentions indicating that they intended to surrender this real estate. *Id.* Defendant, subsequent to plaintiffs' discharge, filed a motion for relief from stay to which plaintiffs did not object. *Id.* The order granting defendant's motion stated that:

> the court further finds that the Debtors are indebted to said Movant in the principal sum of $61,507.79 with interest at the rate of 12.125% per annum from September 1, 1986 until paid.

*Id.* at 2–3. Defendant then initiated a foreclosure action in state court and requested a judgment against plaintiffs. Defendant's Motion to Dismiss at 1 (April 13, 1988). See also Complaint at 3. Plaintiffs state that the order granting relief from stay "seems to indicate that Debtor's personal obligation to pay defendant has survived plaintiffs' discharge" and that defendant's initiation of the state court action with regard to plaintiffs' personal obligations violates the injunction imposed by § 524. *Id.*

Upon review of the legislative history of § 524 and the cases applying this section, the court finds that defendant may pursue its in rem rights against the real estate securing the note and mortgage in favor of defendant. Defendant's lien was not avoided by plaintiffs during the pendency of their case. In fact, plaintiffs intended to surrender the real estate and did not object to defendant's motion for relief from stay allowing it to pursue its state court remedies. Therefore, defendant did not violate the injunction imposed by 11 U.S.C. § 524 and plaintiffs' complaint is not well taken and should be dismissed as requested in defendant's motion.

The court would, however, state that defendant is not entitled to any deficiency balance as that right is, of course, barred by the effect of plaintiffs' discharge pursuant to 11 U.S.C. § 524(a). *Brock*, 23 B.R. at 1003. In fact, defendant stipulates that it is not entitled to any deficiency judgment. Motion to Dismiss at 2. Because there exists no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law, it is therefore

ORDERED that defendant The Chemical Mortgage Company's motion to dismiss plaintiffs' complaint be, and it hereby is, granted. It is further

ORDERED that plaintiffs Kenneth W. Hagemann and Deborah Diane Hagemann's complaint seeking damages for contempt for violation of 11 U.S.C. § 524 be, and it hereby is, dismissed.