DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Michael E. Dillon and Tammy Dillon, appeal from a judgment of the Lorain County Court of Common Pleas, which granted summary judgment to Appellee, Bank One NA. We affirm.
 I. {¶ 2} On August 11, 1999, the Dillons signed a promissory note with Decision One Mortgage Company, LLC, and granted a mortgage against their real property as security for the note. On August 16, 1999, Decision One recorded the mortgage and assigned it to Bank One, who did not immediately record the assignment.
 {¶ 3} On or about June 16, 2000, the Dillons defaulted on the loan, owing Bank One a sum of $114,853.31 plus interest. Approximately two months later, the Dillons filed for bankruptcy under Chapter Seven of the U.S. Bankruptcy Code, and a trustee was assigned to manage the Dillons' debtor-estate. Initially, the trustee contested the mortgage and brought an action against both Decision One and Bank One, subsequently obtaining a default judgment against Decision One. However, Bank One entered a compromise with the trustee, whereby Bank One would pay $4,500 to the debtor-estate and the trustee would abandon her claim to the real property described in the mortgage. On March 6, 2002, the bankruptcy court officially granted the trustee authority to compromise, and on August 8, 2002, the court approved the compromise by formally ordering the trustee to abandon any interest in Bank One's mortgage, thereby confirming that Bank One held a lien against the property unaffected by the bankruptcy proceeding.
 {¶ 4} Within a month, on September 3, 2002, Bank One filed a complaint in the Lorain County Court of Common Pleas, to foreclose on the property. The Dillons answered by asserting that the debt, including the mortgage, had been discharged through bankruptcy and therefore Bank One could not foreclose. On April 14, 2003, Bank One moved for summary judgment, insisting that it held a valid mortgage, that the Dillons were in default, and that there were no outstanding material questions of fact. The trial court granted summary judgment to Bank One on April 26, 2004, and eventually ordered the foreclosure on September 3, 2004. The Dillons timely appealed, asserting a single assignment of error for review.
 II. Assignment of Error
"The trial court errored in granting summary judgment to appellee bank one and in denying summary judgment in favor of appellants." [SIC]
 {¶ 5} The Dillons allege that the trial court erroneously ruled that Bank One retained a security interest (mortgage) in the Dillon's premises, despite the discharge of their debts in bankruptcy, the default judgment against Decision One, and Bank One's failure to record the assignment. From this, the Dillons protest that they are now free of the mortgage and the grant of summary judgment was thereby improper. We disagree.
 {¶ 6} On review, an appellate court considers an award or denial of summary judgment de novo, viewing the facts as most favorable to the nonmoving party and resolving any doubt in favor of the non-moving party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Norrisv. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2. Summary judgment is proper if (1) there is no genuine dispute of a material fact, (2) so that the issue is a matter of law, and (3) reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C);Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} In our review of the record we find no material facts to be in dispute: the Dillons had a mortgage with Decision One, which was assigned to Bank One but not recorded; the Dillons defaulted on the debt underlying the mortgage, prompting the foreclosure action; and the Dillons otherwise had their personal debts discharged through bankruptcy. In moving for summary judgment, as well as opposing Bank One's motion for summary judgment, the Dillons have presented three legal arguments for consideration, all of which are without merit.
 {¶ 8} The Dillons first argue that the bankruptcy court's grant of default judgment against Decision One necessarily extends to Bank One as the assignee, thereby prohibiting Bank One from enforcing the mortgage. However, this is an incorrect statement of the law. Rather, once the mortgage is assigned, all interest in the mortgage passes to the assignee, while the assignor (original or previous mortgagee) has no further interest to be affected. Smith v. Klein (Mar. 14, 1979), 9th Dist. No. 2810, at *5. Therefore, the bankruptcy court's default judgment against Decision One is irrelevant to the interest of Bank One.
 {¶ 9} The Dillons next argue that Bank One's failure to record the mortgage prior to their petition for bankruptcy necessarily invalidates the mortgage, thereby prohibiting Bank One from enforcing it. This is also an incorrect statement of the law. Rather, the failure or success of recording an instrument has no effect on its validity as between the parties to that instrument. McComis v. Walker (Oct. 4, 1979), 10th Dist. No. 79AP-243, at *7. Specifically, the failure to timely record the assignment has no affect on Bank One's authority to enforce this mortgage via foreclosure, and is therefore irrelevant to the present appeal.
 {¶ 10} Finally, the Dillons argue that the bankruptcy proceeding discharged their debts, such as the note underlying the mortgage, thereby prohibiting Bank One from enforcing the mortgage. This is also an incorrect statement of the law. Discharge in bankruptcy removes personal liability on the note, but the mortgage remains effective as security on the note. Seabrooke v. Garcia (1982), 7 Ohio App.3d 167, 168 
paragraph three of the syllabus ("A mortgage lien is not affected by the discharge in bankruptcy of the underlying debt."). This rule is particularly apt, as in the present case, where the bankruptcy trustee specifically abandons the property described in the mortgage. See TexasCommerce Bank Natl. Assn. v. Joseph, 8th Dist. No. 81097, 2003-Ohio-995, at ¶ 26-27. See, also, Hagemann v. Chemical Mtge. Co. (1988), 86 B.R. 125,126-27. Therefore, the Dillons' contention on this basis is without merit.
 III. {¶ 11} The Dillons' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, P.J., Moore, J. concur.