OPINION
{¶ 1} Appellant, Merle McGuire, appeals the entry of summary judgment by the Columbiana County Court of Common Pleas in favor in Appellee, HSBC Mortgage Services, Inc. in this foreclosure action. Appellant contends that summary judgment was granted in error because the closing agent failed to record the mortgage within the time limit specified in paperwork accompanying the financing documents.
 {¶ 2} There was no evidence before the trial court to establish that the mortgages were void when they were assigned to Appellee. Moreover, in Ohio, the failure to record a mortgage does not invalidate the mortgage between the parties to the instrument, and, as a consequence, summary judgment was properly granted in favor of Appellee. The judgment of the trial court is affirmed.
 Facts {¶ 3} On February 15, 2005, Appellant obtained a mortgage loan from Accredited Home Lenders, Inc. ("AHL"). In consideration of the loan, Appellant executed two promissory notes ("Notes"), one in the face amount of $184,000.00, and a second in the face amount of $46,000.00. Appellant also granted two mortgages to AHL on the real estate located at 32338 Woodsdale Drive, Hanoverton, Ohio ("Mortgages") to secure his indebtedness.
 {¶ 4} A document captioned, "Lenders' Instructions" was included with the financial documents accompanying the Notes and Mortgages. Under the heading, "Disbursement," the Lenders' Instructions read: *Page 2 
 {¶ 5} "It shall be the responsibility of the Closing Agent to request proceeds from the lender at such time as the Closing Agent is prepared to comply with all the terms and conditions of the Purchase/Sale Agreement and/or our Escrow Instructions. SUCH A REQUEST, BY THE CLOSINGAGENT, FOR FUNDS SHALL BE DEEMED TO BE A CERTIFICATION (LENDER) THAT ALLTERMS AND CONDITIONS HAVE BEEN MET AND THAT THE DOCUMENTS WILL BEPROPERLY RECORDED NOT LATER THAN THE NEXT BUSINESS DAY AFTER THE DAY THECLOSING AGENT HAS RECEIVED THE PROCEEDS CHECK. In the event that the documents are not recorded within 24 hours, the Closing Agent will immediately return the funds to the sender in accordance with the sender's instructions." (Lenders' Instructions, p. 4.)
 {¶ 6} Chelsea Title Agency of Columbus, Inc. ("Chelsea Title"), the closing agent, recorded the $46,000.00 mortgage on February 25, 2005, and the $184,000.00 mortgage on December 9, 2005. Prior to the recordation of the $184,000.00 mortgage, on September 2, 2005, Ralph Leroy Groth filed a lien on the property at issue based upon a debt owed by the previous record owner.
 {¶ 7} On August 31, 2006 and September 1, 2006, the Notes and Mortgages were assigned to Appellee. On September 5, 2006, Appellee filed its Complaint in Foreclosure. In addition to Appellant and a Jane Doe/Unknown Spouse defendant, the Complaint named Groth and the Treasurer of Columbiana County. The assignment of the Notes and Mortgages was recorded on January 12, 2007.
 {¶ 8} In the meantime, Appellant filed a separate action against Chelsea Title for damages that he sustained as a result of the company's failure to timely record *Page 3 
the $184,000.00 mortgage, McGuire v. Chelsea Title Agency of Columbus,Inc., 2006 CV 01040. Appellant filed a motion to join the above-captioned case with the Chelsea Title case on March 28, 2007, however, Appellant's motion was summarily denied on May 1, 2007.
 {¶ 9} On August 10, 2007, the trial court entered partial summary judgment in favor of Appellee on the priority of liens issue created by Chelsea Title's failure to timely record the mortgage. The trial court concluded that Groth did not have the protections of a bona fide purchaser, and, therefore, his lien did not prime Appellee's mortgage. (8/10/07 J.E., p. 6.) The Judgment Entry resolving the priority issue was not appealed.
 {¶ 10} Appellee filed its motion for summary judgment against Appellant on October 4, 2007. According to the Affidavit of Rick Wilken, an Attorney for Appellee, the Notes and Mortgages attached to the motion for summary judgment are true copies of the original Notes and Mortgages executed by Appellant, Appellant is in default of payment, and Appellee has exercised its option to accelerate the balance due on the Notes. (Wilken Aff., ¶ 1, 3-5.) Appellant filed his response on October 31, 2007. The trial court granted summary judgment in favor of Appellee on November 19, 2007, recognizing that Appellee held valid liens on the property at issue, second in priority to the lien of the Columbiana County Treasurer for taxes. (11/19/07J.E., p. 5.)
 Standard of Review {¶ 11} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth *Page 4 
in Civ. R. 56(C). Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466,364 N.E.2d 267. When a court considers a motion for summary judgment the facts must be taken in the light most favorable to the non-moving party. Id.
 {¶ 12} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party'sclaim." (Emphasis in original.) Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id., at 293,662 N.E.2d 264. In other words, in the face of a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor.Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386,701 N.E.2d 1023.
 Assignment of Error: *Page 5 {¶ 13} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE WHEN GENUINE ISSUES OF MATERIAL FACT REMAIN TO BE DETERMINED AND PLAINTIFF-APPELLEE IS NOT ENTITLED TO JUDMGEMENT [SIC] AS A MATTER OF LAW."
 {¶ 14} Appellant does not challenge the fact that he signed the loan documents or that he received the full benefit of the loan money disbursements to purchase the property. Furthermore, Appellant does not argue that he is not in default on the Notes and Mortgages.
 {¶ 15} Instead, Appellant contends that Appellee "may have acquired rights in instruments that were void by their own terms" based upon Chelsea Title's failure to record the mortgage within the time specified in the Lenders' Instructions. (Appellant's Brf., p. 3.) According to Appellant's argument, Appellee cannot be a "holder in due course" because it "was on notice of the delay in the recording of the instruments." (Appellant's Brf., p. 4.)
 {¶ 16} The language relied on by Appellant, however, cannot be construed to result in a "void" transaction. At best, and without benefit of reading the entire document, this language may result in a voidable transaction. Appellant has a much larger problem with his reliance on this language, however.
 {¶ 17} We must note that the Lenders' Instructions, which were attached to Appellant's response to Appellee's motion for summary judgment, were not properly authenticated as required by Civ. R. 56(C). Civ. R. 56(C) provides that only the evidence listed in the rule may be considered in ruling on a motion for summary judgment. Evidence which does not fit within one of the categories listed must be *Page 6 
submitted by way of an affidavit. Watts v. Watts (Mar. 18, 1994), 6th Dist. No. L-93-200, *11-12. Accordingly, Appellant cannot rely upon the language in the Lenders' Instructions to establish that the mortgages were void, or even voidable, based upon Chelsea Title's failure to timely record them.
 {¶ 18} Furthermore, in Ohio, "the failure or success of recording an instrument has no effect on its validity as between the parties to that instrument." Bank One, N.A. v. Dillon, 9th Dist. No. 04CA008571,2005-Ohio-1950, ¶ 9. "The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens." GMAC Mtge.Corp. v. McElroy, 5th Dist. No 2004-CA-00380, 2005-Ohio-2837, ¶ 16 (internal citation omitted.)
 {¶ 19} Based on the above, there was no evidence before the trial court to establish that the mortgages were "void" when they were assigned to Appellee. As a consequence, the trial court properly granted summary judgment as a matter of law. Accordingly, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Donofrio, J., concurs in judgment only.
 DeGenaro, P.J., concurs in judgment only. *Page 1